QUINBY & CO., INCORPORATED, Appellant, v. G. KEITH FUNSTON, as President of New York Stock Exchange, Defendant, and MERRILL LYNCH, PIERCE, FENNER & BEANE, Respondent.— Same decision and like cause of action as in companion case of *Quinby & Co.* v. *Funston* (4 A D 2d 852).

DOUGLAS LEACH, Individually and as Guardian ad Litem of WAYNE LEACH, an Infant, Respondent, v. HAROLD DENSMORE, as Treasurer of Rushville Lions Club, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeals from an order of Ontario Special Term denying a motion by defendant Densmore as Treasurer, for change of place of trial from Ontario County to Yates County.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

In the Matter of the LITTLE THEATRE OF WATERTOWN, INC., Respondent, against CHESTER P. HOYT, as Assessor of the City of Watertown, Appellant.— Order affirmed, with costs. All concur. (Appeal from an order of Jefferson Special Term declaring the assessment on petitioner's property to be illegal and invalid, striking it from the tax roll, and declaring petitioner's real property to be exempt from taxation.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

ERIE COUNTY BOARD OF SOCIAL WELFARE, Respondent, v. EDWARD (TONY-BEAR CAT) WRIGHT, Defendant. NATHAN D. SEEBERG, Appellant.— Order reversed on the law and facts and proceeding dismissed. Memorandum: We do not approve of the acts of appellant in failing either to appear in Children's Court on May 3, 1956 or notify the court of his inability to be present. Upon this record, however, the determination may not be sustained. The charges were not precisely presented in the order to show cause. No evidence was offered to sustain the finding insofar as it related to any alleged contempt not committed in the presence of the court. After narrowing the issues upon the hearing and expressly stating that certain alleged acts were in substance withdrawn, the court proceeded to make a finding that these acts constituted contemptuous conduct. All concur. (Appeal from an order of Erie County Children's Court adjudging Nathan Seeberg guilty of contempt of court by reason of alleged acts and conduct in a paternity proceeding.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

ARTHUR B. MORGAN, JR., INC., Plaintiff, v. HARRY R. HARMAN, Doing Business as HARMAN LUMBER COMPANY, Defendant. HARRY R. HARMAN, Doing Business as HARMAN LUMBER COMPANY, Appellant, v. JAMES E. STARK COMPANY, Defendant, and ARTHUR B. MORGAN, JR., Respondent.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Monroe Special Term denying in part defendant's motion (as plaintiff on his counterclaim) to vacate a notice by defendant Morgan in the counterclaim for the taking by deposition of testimony of plaintiff before trial.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL ASKEW, Amended to LAVENDER TINCH, Appellant.— Order entered May 24, 1957, dismissing the appeal herein vacated. Motion for reargument granted upon the corrected record. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ. [See 3 A D 2d 984.]