OPINION OF THE COURT
 

 Gabrielli, J.
 

 In this proceeding, petitioner seeks to have certain of its real property declared tax exempt. We agree with the Appellate Division that the taxing authority has failed to prove that petitioner is not organized or conducted primarily for exempt purposes or that the subject property is not used primarily for exempt purposes. We therefore hold that petitioner is entitled to the real property tax exemption sought for this property.
 

 I
 

 Petitioner, the New York Botanical Garden, was organized by a special act of the Legislature (L 1891, ch 285).
 
 *332
 
 Its charter states that it was organized “for the purpose of establishing and maintaining a botanical garden and museum and arboretum * * * for the collection and culture of plants, flowers, shrubs, and trees, the advancement of botanical science and knowledge and the prosecution of original researches therein and in kindred subjects, for affording instruction in the same, for the prosecution and exhibition of ornamental and decorative horticulture and gardening, and for the entertainment, recreation, and instruction of the people”.
 

 Petitioner carries out these purposes at both the Bronx Botanical Garden (located in Bronx Park) and the Cary Arboretum (located primarily in the Town of Washington in Dutchess County). The tax exempt status of so much of the land constituting the Cary Arboretum as is located in the Town of Washington is the basis for the present controversy.
 

 The Bronx Botanical Garden is located on property owned by New York City, although petitioner has constructed some of the buildings and bears a large part of the cost of maintaining them. Activities conducted at Bronx Park by petitioner include the display of a large horticultural collection for public viewing, tours, informal lectures, maintenance of a plant specimen museum and a botanical and horticultural library. In addition, a variety of educational programs are carried out, including continuing education courses for adults, vocational training, a formal two-year horticultural training program, as well as college level courses and seminars, for which credit is available from cooperating universities. Research is also performed at the Bronx Garden, largely pursuant to Federal grants, the results of which are made available to the public.
 

 The Cary Arboretum consists of 1,900 acres of real property, 1,640 of which are located in the Town of Washington. Most of this property was deeded to petitioner by the trustees of the Mary Flagler Cary Charitable Trust, under a will provision permitting the trustees to convey the property to any “charitable organizatioii which shall be engaged in the conservation, maintenance and preservation of natural resources”. Petitioner is required, by the
 
 *333
 
 terms of the deed, to use this property as an arboretum, defined as a facility devoted to,
 
 inter alia:
 
 the growing of a collection of woody plants; testing and introducing new species to the area; promoting research in ecology and other fields; breeding new strains; conserving native plant life of the area and providing instruction and information concerning plants and their importance.
 

 Approximately 800-900 acres of the real property are used for the planting and monitoring of a collection of trees and shrubs, many of which are not indigenous to the area. This area is open to the public, subject to supervision and regulation deemed necessary to protect and preserve its character. Another 900 acres are being kept in a natural state to facilitate ecological studies. This area contains three nature trails, open to the public during daylight hours, subject only to the requirement of registering for such use. The remainder of the property is used for a display of the arboretum’s collection, and is open to the public on a daily basis.
 

 In addition to the general instructional and recreational uses of the property, a library and plant science museum are located on the grounds, both of which are accessible to the public. Numerous educational programs have been established in collaboration with high schools, colleges and universities. Persons enrolled in the petitioner’s School of Horticulture receive about half of their instruction at the arboretum. Research activities are also conducted at the arboretum facilities.
 

 From 1973, when the arboretum lands were acquired by petitioner, until 1977, the property was treated as exempt from real property taxation, pursuant to the provisions of subdivision 1 of then section 421 of the Real Property Tax Law (renum § 420 by L 1981, ch 105). Under this statutory scheme, an exemption afforded the real property of a nonprofit organization might be either absolute or qualified. An absolute exemption is granted for property owned by a corporation or association organized exclusively for religious, charitable, hospital, educational, moral or mental improvement or cemetery purposes or more than one such purpose, where the property is used for one or more of
 
 *334
 
 the listed purposes (Real Property Tax Law, § 420, subd 1, par [a]). A qualified exemption is granted for property owned by a corporation or association organized exclusively for,
 
 inter alia,
 
 a scientific purpose, where the property is used exclusively for that purpose (Real Property Tax Law, § 420, subd 1, par [b]). Property that is entitled to a qualified exemption may nevertheless be rendered taxable by local law, ordinance or resolution so providing.
 

 In 1977, the Town of Washington enacted Local Law No. 3, which, to the extent here relevant, exercises its power under the Real Property Tax Law to tax property used for scientific purposes. Acting under this local law, the arboretum property was restored to the tax roll, as the town assessors determined that the primary purpose of petitioner and the primary use of the arboretum were scientific and research-oriented.
 

 Petitioner commenced this article 78 proceeding to have the arboretum property declared tax exempt. Special Term held that petitioner had not demonstrated its entitlement to a tax exemption and dismissed the petition. The Appellate Division, taking a different view of which party had the burden of proof, reversed and held that the town had failed to prove both that petitioner is organized for scientific purposes and that the arboretum was used for such purposes. We agree that the burden of proof was on the town and that it failed to sustain that burden in this proceeding. We therefore affirm the order of the Appellate Division granting the petition.
 

 II
 

 Generally, the burden of proof lies with the taxpayer who is seeking to have real property declared tax exempt (see
 
 People ex rel. Watchtower Bible & Tract Soc. v Haring, 8
 
 NY2d 350;
 
 Matter of Pace Coll. v Boyland,
 
 11 Misc 2d 387, affd 4 AD2d 855, revd on other grounds 4 NY2d 528). However, under the circumstances presented here, in which the municipality, pursuant to its power under section 420 (subd 1, par [b]), is seeking to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation. Thus, the taxing authority must prove that the
 
 *335
 
 corporation or association is organized for a purpose only qualifiedly exempt (in this case, a scientific purpose) and that the property is used for such a purpose
 
 (Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn,
 
 35 NY2d 92).
 

 Proceeding to the merits, we are required to first determine the primary purposes for which petitioner is organized or conducted. Its charter describes several purposes, including the maintenance of a botanical garden and museum, the advancement of botanical science and knowledge, the exhibition of horticulture and gardening, and the entertainment, recreation and instruction of the people.
 
 *
 
 In pursuit of these objectives, petitioner conducts many educational programs through which it offers instruction in the botanical, horticultural and related fields. Its museums, libraries and gardens all promote the purpose of informing and instructing the public regarding the importance of plant life. Research activities are performed with a view toward resolving problems related to the environment, ecology and conservation. Given the wide range of purposes for which petitioner is organized, we cannot say that the town has sustained its burden of proving that a scientific purpose predominates, notwithstanding petitioner’s own declarations of its scientific, among other, purposes.
 

 In
 
 Mohonk Trust v Board of Assessors of Town of Gardiner
 
 (47 NY2d 476), we held that the Mohonk Trust was organized primarily for purposes entitling it to absolute exemption under then section 421 (subd 1, par [a]) of the Real Property Tax Law. In so doing, we examined both the trust’s stated purposes, as well as its activities, which were considered indicative of its primary purpose. The trust’s actual primary purpose was held to be the preservation of wilderness area for the public benefit; subsidiary activities included numerous endeavors of a scientific and educational nature. We recognized that the trust’s primary purpose was an assortment of charitable, educational and moral improvement purposes, and concluded that environ
 
 *336
 
 mental and conservation purposes are also encompassed within the broader categories for which exemption is afforded absolutely. On the basis of our decision in
 
 Mohonk Trust,
 
 we held, in
 
 Matter of North Manursing Wildlife Sanctuary (City of Rye)
 
 (48 NY2d 135), that a wildlife sanctuary would qualify for a tax exemption if genuinely operated for the public benefit. The stated purposes of the corporation were to hold and develop land as a sanctuary for wild birds and animals, to preserve those species native to the area, to study and introduce new species and to disseminate information concerning new species.
 

 In the present case, the petitioner’s purposes are strikingly similar to those of both the Mohonk Trust and the North Manursing Wildlife Sanctuary, and there is no doubt that it is being operated in accord with the statéd purposes. Its emphasis upon preservation and environmental concerns affords a sufficient basis for finding its primary purpose to be of a character that is absolutely exempt. Thus, particularly in light of the similarities between petitioner’s purposes and those of the organizations previously discussed, the town has failed to prove that petitioner is not entitled to tax exemption on this basis.
 

 This, of course, does not end our inquiry, as it may be possible that the particular property in issue is used for a purpose only qualifiedly exempt. The acreage that comprises the Cary Arboretum is dedicated to a number of general activities, the most predominant of which are conservation, preservation, instruction, recreation and ecological study. Again, as in
 
 Mohonk Trust
 
 and
 
 North Manursing,
 
 the use to which this particular parcel is put accomplishes several exempt purposes, including educational, charitable and moral improvement purposes. We see no reason to depart from our prior holdings that lands used for such a combination of purposes should be deemed to fall within the broader categories of absolutely exempt uses.
 

 In attempting to show that the Cary Arboretum i¿ not used for absolutely exempt purposes, the town points to restrictions on public access to the property. While we agree that to qualify for tax exemption, the arboretum must be “necessary to the public good” and “open to and
 
 *337
 
 enjoyed by the public”
 
 (Mohonk Trust v Board of Assessors of Town of Gardiner,
 
 47 NY2d 476, 484,
 
 supra;
 
 see
 
 Matter of North Manursing Wildlife Sanctuary [City of Rye],
 
 48 NY2d 135, 140,
 
 supra),
 
 we are not convinced that the limitations placed on use of the arboretum lands deprive them of a public purpose. Rather, the restricted access imposed here is entirely consistent with the purposes for which the land is being used.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 *
 

 We also note that the will provision under which the arboretum property was deeded to petitioner permits such a grant only to “a charitable organization”.