OPINION OF THE COURT
 

 Wachtler, J.
 

 In this proceeding, petitioner seeks to have certain of its real property, a theatre, tax exempt pursuant to section 420-a of the Real Property Tax Law.
 

 The Symphony Space, Inc., was formed in 1978 under the New York Not-For-Profit Corporation Law to engage in various musical, theatrical, artistic and academic activities. Its certificate of incorporation states its purposes to be “exclusively charitable, educational and in support of the moral and mental improvement of men, women and children.” In August, 1978 it received a tax exemption from the Internal Revenue Service. In December, 1978 it purchased the property which is the subject of this proceeding located at Broadway and 95th Street, Manhattan, a portion of which consists of the Symphony Theatre. It applied for a tax exemption for the theatre property only
 
 [1]
 
 pursuant to section 420-a of the Real Property Tax Law under the general categories of “charitable, educational and in support of the moral and mental improvement of men, women and children”. The Tax Commissioner denied petitioner’s application. Petitioner then commenced this proceeding pursuant to article 7 of the Real Property Tax Law to have the Commissioner of Finance and the Tax Commission of the City of New York remove its theatre property from the tax rolls and compel the granting of tax exemption. The trial court confirmed the Tax Commission’s determination
 
 *36
 
 and dismissed the petition. The Appellate Division affirmed and we granted leave to appeal.
 

 Symphony Space is involved in a broad range of activities. It offers facilities and instruction free to both public and private schools and struggling artists lacking money and experience to perform commercially. It provides 30 hours a week of free rehearsal time. Neighborhood groups can use its facilities for little or no charge and the audience pays little or no admission. As noted by the trial court, Symphony Space is a haven for theatre and dance companies that otherwise would have no place to perform and is “community oriented, stimulating performing groups and new audiences that would otherwise remain untapped.” The majority of its expenses are funded by foundations, corporations and government agencies. It also performs for and conducts lectures and demonstrations for school audiences and permits schools to rehearse and perform at the the theatre. Students at Rockland Community College, S.U.N.Y., earn credits working at the theatre. Lighting, staging, promotion and publicity are taught and petitioner conducts lectures, discussions, workshops and commentary which are integrated with the performances.
 

 Because we believe that the purposes for which Symphony Space was organized are exempt and the activities in which it engages fall within the general categories of “charitable, educational and the moral and mental improvement” under section 420-a of the Real Property Tax Law, we reverse the order of the Appellate Division and grant the petition. The decisions of the Tax Commission and the lower courts give the terms “charitable, educational and moral or mental improvement” an overly narrow interpretation in light of recent decisions by this court (see
 
 Matter of New York Botanical Garden v Assessors of Town of Washington,
 
 55 NY2d 328;
 
 Matter of North Manursing Wildlife Sanctuary [City of Rye],
 
 48 NY2d 135;
 
 Mohonk Trust v Board of Assessors of Town of Gardiner,
 
 47 NY2d 476). While exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption, an interpretation so literal, and narrow that it defeats the exemption’s settled purpose is to be avoided.
 

 
 *37
 
 In
 
 Mohonk Trust (supra,
 
 at p 484) we held that lands used for environmental and conservation purposes which are necessary to the public good and which are open to and enjoyed by the public are lands used “primarily for an assortment of ‘charitable * * * educational, [and] moral improvement of men, women or children’ purposes” and thus qualify for a tax exemption pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law.
 
 [2]
 
 Similarly, we held that this same statutory tax exemption applies to a wildlife sanctuary
 
 (Matter of North Manursing Wildlife Sanctuary [City of Rye],
 
 48 NY2d 135,
 
 supra)
 
 and to an arboretum
 
 (Matter of New York Botanical Garden v Assessors of Town of Washington,
 
 55 NY2d 328,
 
 supra)
 
 used for a combination of purposes, the most predominant of which were conservation, preservation, instruction, recreation and ecological study.
 

 In contrast with the approach taken by this court, Trial Term, in the present case, has taken a narrow and fragmentary view of the exemption. In rejecting petitioner’s argument that it was organized for educational purposes, the court focused on the fact that Symphony Space was not approved by the Commissioner of Education, was not chartered by the Board of Regents, and does not have faculty or student enrollment. The court similarly rejected the exemption under the “moral or mental improvement” category, reasoning that the exemption is meant to cover only YMCA types of organizations and was not intended to cover the performing arts. However, this court has not made such requirements necessary before an institution qualifies for a tax exemption under those categories
 
 (Matter of North Manursing Wildlife Sanctuary [City of Rye],
 
 48 NY2d 135,
 
 supra;
 
 see
 
 Mohonk Trust v Board of Assessors of Town of Gardiner,
 
 47 NY2d 476,
 
 supra).
 
 In fact, rather than dissecting each exempt purpose, this court has indicated that the statute may encompass property used primarily for various and varied charitable and educational purposes and the moral or mental improvement of the citizenry
 
 (.Mohonk Trust v Board of Assessors of Town of Gardiner, supra,
 
 at- p 484).
 

 
 *38
 
 The trial court, in distinguishing this case from
 
 Mohonk Trust {supra),
 
 held that the performing arts, unlike environmental and conservation concerns, are, by implication, removed from the general category of charitable, educational or mental and moral improvement facilities under section 420-a of the Real Property Tax Law because they are provided for separately under section 424 of the Real Property Tax Law (institutes of arts and sciences which maintain academies of music), section 426 of the Real Property Tax Law (opera houses) and section 427 of the Real Property Tax Law (performing arts buildings). However, Trial Term has misapplied a statement made by this court in
 
 Mohonk Trust (supra)
 
 which refers to the 1971 amendment separating the tax-exempt categories within section 421 (renum § 420, L 1981, ch 105, § 1) into a mandatory and a permissive class
 
 [3]
 
 and which had nothing to do with sections 424, 426, 427. There is nothing in the statute which would indicate that property used for the performing arts is excluded from an absolute tax exemption if it otherwise qualifies under the general categories of subdivision 1 of section 420-a of the Real Property Tax Law (see
 
 Matter of Little Theatre of Watertown v Hoyt,
 
 7 Misc 2d 907, affd 4 AD2d 853).
 

 Finally, the trial court reasoned that because petitioner rents its theatre to outside groups on different rental or license bases and often charges admission, there is a commercial patina which tends to negate the application of the charitable and educational categories in that it is not organized or conducted exclusively for an exempt purpose. In determining whether the real property of a corporation is used exclusively for the exempt purpose, the word “exclusive” has been held to connote “principal” or “primary”
 
 (Mohonk Trust v Board of Assessors of Town of Gardiner,
 
 47 NY2d 476, 483,
 
 supra). A
 
 “commercial patina” alone is not enough to defeat tax-exempt status especially when such rentals are merely incidental or auxiliary to the main-
 
 *39
 
 exempt purpose and do not realize a profit but are used to cover petitioner’s costs
 
 [4]
 
 (see
 
 Matter of Stuyvesant Sq. Thrift Shop v Tax Comm. of City of N. Y.,
 
 54 NY2d 735;
 
 Sisters of St. Joseph v City of New York,
 
 49 NY2d 429;
 
 Matter of Association of Bar of City of N. Y. v Lewisohn,
 
 34 NY2d 143). Moreover, restrictions placed on the use of or public access to the property do not strip the property of its tax-exempt character which requires that it be “open to and enjoyed by the public”, as long as the restrictions imposed are not inconsistent with the public purpose for which the property is being used (see
 
 Matter of New York Botanical Garden v Assessors of Town of Washington,
 
 55 NY2d 328, 337,
 
 supra).
 

 From the record, it is clear that Symphony Space is not organized for the purpose of making a profit or competing commercially with other theatres. Its focus is on community participation and on community service. Symphony Space provides the general public with access, otherwise limited, to the various aspects of the performing arts, including the unique opportunity to create, perform, learn and otherwise be involved in the wide spectrum of activities that are housed in the theatre. The theatre property used for the purpose of exploring these various aspects of the performing arts is as necessary to the public good and is as open to and enjoyed by the public as is property used for environmental and conservation purposes.
 

 Accordingly, the order of the Appellate Division should be reversed and the petition for tax exemption should be granted.
 

 Chief Judge Cooke and Judges Jasen, Jones, Meyer and Simons concur.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, and the petition granted.
 

 [1]
 

 . The theatre comprises approximately 58% of the total square footage of floor space. Petitioner has not requested tax-exempt status for the remaining part of the property which is used by a tenant and subtenants for a variety of commercial purposes.
 

 [2]
 

 . This section was renumbered section 420-a (L 1981, ch 919).
 

 [3]
 

 . The mandatory class as defined by subdivision 1 of section 420-a of the Real Property Tax Law have absolute exemption while the permissive class as defined by subdivision 1 of section 420-b of the Real Property Tax Law have a qualified exemption and may be taxed by local municipalities (see
 
 Matter of New York Botanical Garden v Assessors of Town of Washington,
 
 55 NY2d 328, 333-334).
 

 [4]
 

 . The Tax Commission took note of the fact that such rents and contributions did not exceed its expenditures for the year 1978.