■ In the Matter of MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Appellant, v ASSESSOR OF THE CITY OF RYE et al., Respondents. [713 NYS2d 480] —In a proceeding pursuant to Real Property Tax Law article 7, *inter alia*, to strike a real property tax assessment from the assessment rolls of the City of Rye for the 1998 tax year, the appeal is from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered August 20, 1999, as denied the petitioner's motion for summary judgment.

■ In the Matter of MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Appellant, v ASSESSOR OF THE CITY OF RYE et al., Respondents. [713 NYS2d 186] —In a proceeding pursuant to Real Property Tax Law article 7, *inter alia*, to strike a real property tax assessment from the assessment rolls of the City of Rye for the 1997 tax year, the appeal is from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered August 20, 1999, as denied the petitioner's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner, Miriam Osborn Memorial Home Association, is a not-for-profit organization which, for the past 90 years, has provided housing for the elderly in a facility situated on land located in the City of Rye. For much of that time, the subject property was exempt from real property taxes. However, beginning in 1996, the respondents revoked that exemption as a result of a renovation project which modernized and expanded the petitioner's facility. The respondents contended that the facility was no longer being used exclusively for charitable purposes as a result of the construction of an independent living residence called Sterling Park. Although the respondent Board of Assessment Review of the City of Rye partially restored the exemption, the petitioner commenced this proceeding, contending, *inter alia*, that it is entitled to a full mandatory exemption from real property taxes for the 1997 tax year because it continued to use the subject property exclusively for charitable purposes pursuant to RPTL 420-a (1) (a). The Supreme Court denied the petitioner's motion for summary judgment, finding that in light of the Sterling Park addition, material issues of fact exist as to whether the petitioner's use of the property is exclusively for charitable purposes. We agree.

RPTL 420-a (1) (a) provides a mandatory real property tax exemption for property used exclusively for charitable purposes. In order for an entity to be entitled to this tax exemption, (1) the entity must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, and (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations (*see, Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review,* 100 AD2d 361; *Matter of Mt. Tremper Lutheran Camp v Board of Assessors,* 70 AD2d 984).

Under the circumstances of this case, including the documentary evidence demonstrating that admission to Sterling Park is restricted to relatively healthy, elderly individuals who can afford to pay entrance fees ranging from $229,000 to $526,000 and monthly "maintenance fees" ranging from $1,850 to $2,500, material issues of fact exist as to whether the petitioner's primary use of the property is for charitable purposes (*see, Zuckerman v City of New York,* 49 NY2d 557).

We note that the Supreme Court, in its decision dated July 23, 1999, on the petitioner's motion, erroneously stated that

the petitioner will have the burden of proof at trial of demonstrating its entitlement to the exemption. Where, as here, a municipality seeks to withdraw an existing exemption under RPTL 420-a (1), the burden is with the municipality to prove that the petitioner is no longer entitled to the exemption (see, Matter of New York Botanical Garden v Assessors of Town of Washington, 55 NY2d 328, 334).

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.