CITY OF NEW YORK, Plaintiff,

v.

PERMANENT MISSION OF INDIA TO the UNITED NATIONS, et al., Defendants.

City of New York, Plaintiff,

v.

Republic of Philippines, et al., Defendants.

City of New York, Plaintiff,

v.

The Bayaryn Jargalsaikhan, as Principal Resident Representative to the United Nations of the Mongolian People's Republic, et al., Defendants.

Nos. 03 Civ. 3256 (JSR), 03 Civ. 6085 (JSR), 03 Civ. 6086 (JSR).

United States District Court, S.D. New York.

March 17, 2008.

John Rudolf Low–Beer, New York City Law Depart. Office of the Corporation Counsel, Michael A. Cardozo, New York, NY, for plaintiff.

Robert A. Kandel, Kaye Scholer, LLP, New York, NY, for defendants.

### MEMORANDUM ORDER AND FINAL JUDGMENT

JED S. RAKOFF, District Judge.

By Order dated February 8, 2008, 533 F.Supp.2d 457, the Court granted summary judgment to plaintiff the City of New York (the "City") on its tax claims against defendants the Permanent Mission of India to the United Nations ("India"), the Principal Resident Representative to the United Nations of the Mongolian People's Republic ("Mongolia"), and the Republic of the Philippines (the "Philippines") except

with respect to the portions of the Philip-. pines' property occupied by a restaurant. The Court directed the City to submit a letter setting forth the amounts due from each defendant as a result of these rulings, including interest through February 25, 2008, and directed defendants to submit any objections to the City's calculations. In response to defendants' objections, the Court solicited further submissions from both sides, all of which have been carefully reviewed. For the reasons that follow, the Court rejects defendants' objections to the City's calculations and enters final judgment in the amounts determined by the City.

■ Defendants' general objection is that the interest imposed by the City is exorbitant as compared to the amount of taxes actually owed, particularly in light of the City's alleged delay in bringing these lawsuits and the fact that the legal question of whether the taxes were due was a "close" one.[1] Letter of Robert A. Kandel, dated February 21, 2008, at 3. As the City observes, however, the amount of interest due on delinquent tax payments is set by statute, *see* N.Y.C. Admin. Code § 11–224(h), and courts have no discretion to alter the amount of interest due, *see, e.g., Delafield 246 Corp. v. City of New York,* 11 A.D.3d 268, 782 N.Y.S.2d 441, 445 (1st Dep't 2004). Moreover, the Court does not agree that there was any relevant delay, since the City promptly billed the defendants for the taxes as they came due. Finally, even if the issues in this case were a great deal "closer" than the Court believes, this is totally irrelevant to the impo-

sition of interest. Accordingly, the Court overrules the defendants' general objections.

Defendants also raise several objections to the specific amounts of tax assessed, only three of which warrant discussion:

■ *First,* India objects that the City erred in calculating its tax on the residential portions of its property starting in July 1991 because those portions were not actually occupied until January 1993. At no previous point in this litigation has India articulated this argument in any genuine fashion; the fact that, in an affidavit submitted in January 2004 in connection with a motion to dismiss on other grounds, an employee of the Indian Mission stated in a single sentence that "[d]iplomats and staff began to occupy the Mission starting in January 1993" is hardly sufficient to preserve the issue. Affidavit of Ruchira Kamboj in Support of Motion to Dismiss ¶ 3. Even if that were not the case, moreover, Mr. Kamboj states in the same paragraph of his affidavit that construction of the Mission began in June 1989, and nowhere suggests that the portion ultimately used as residences was intended to serve any other purpose or was otherwise exempt. *See* N.Y. Real Prop. Tax L. § 420–a(3)(a) (providing that property is tax-exempt while under construction *if* it is contemplated to be used for charitable purposes); *New York Botanical Garden v. Assessors of Washington,* 55 N.Y.2d 328, 334, 449 N.Y.S.2d 467, 434 N.E.2d 703 (1982) (stating that burden of proof lies with taxpayer who is seeking to have real property declared tax exempt).[2]

---

**1.** Defendants initially argued, in addition, that the taxes are not "due and payable" (such that interest begins to accrue on them), *see* N.Y.C. Admin. Code § 11–224(f), until entry of final judgment in this case. The City responded that, by law, taxes become "due and payable" at the end of the taxable term, *see* New York City Charter § 1519. Defendants did not renew this argument in their second

submission to the Court, and the Court, in any case, rejects it.

**2.** The City also contends that regardless of whether India preserved this objection in this litigation, the objection could only properly have been raised in a proceeding under Article 7 of the New York Real Property Tax Law. *See, e.g., Emunim v. Fallsburg,* 78 N.Y.2d 194,

■ *Second,* India argues that the calculated amount fails to take account of a tax refund India has claimed for $450,674.68. The refund, however, relates to a period entirely prior to the period at issue in this litigation. Moreover, India has not previously raised any argument related to this refund, nor has it interposed a counter-claim for the refund amount. The City indicates that it "is willing to discuss this matter with India outside of the context of this litigation," Letter of John Low–Beer, dated March 4, 2008, at 4 ("Low–Beer Letter"), and that is where India may pursue it, if at all.

*Third,* the Philippines argues that the City overstated the total square footage of its building and thus the percentage of the building that was occupied by the bank and airline, and that this error caused the City to overstate the amount of tax owed. As the City has explained in its letter, however, and as the sworn Declaration of Rochelle Patricof, First Deputy Commissioner of the New York City Department of Finance ("Patricof Decl."), attests, the tax assessment was based solely on the amount of space occupied by the bank and airline offices, and the building's total square footage was therefore irrelevant. *See* Low–Beer Letter at 4; Patricof Decl. ¶ 14. Defendants have offered no reason why the Court should discount this sworn—and indeed, highly logical—representation.[3]

The Court has considered the defendants' other arguments, and finds them wholly without merit. Accordingly, final judgment is hereby entered in favor of the City of New York as follows: against India in the amount of $42,451,769.35; against Mongolia in the amount of $4,395,003.13; and against the Philippines in the amount of $10,902,895.81. These amounts include interest calculated through February 25, 2008, and on consent of the parties, all interest thereafter will be calculated on the basis of federal post-judgment rates, although, for all other purposes, this judgment is to be deemed entered today (March 17, 2008).

SO ORDERED.

---

204, 573 N.Y.S.2d 43, 577 N.E.2d 34 (1991). As India failed to preserve its objection here and, in any event, the objection lacks merit, the Court need not address this issue.

3. Defendants appear to suggest that, had the assessors relied on what defendants claim was an accurate figure for the building's square footage, they might have accorded the building a lower property value, and therefore taxed the space occupied by the bank and airline at a lower rate. However, defendants cite nothing to suggest that the difference between the City's total calculated square footage (39,100 square feet) and the Philippines' proposed square footage (47,230 square feet) could have affected the market value of the building, a possibility the Court finds unlikely.