Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip (2020 NY Slip Op 03911)





Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip


2020 NY Slip Op 03911


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-08946
 (Index No. 614722/18)

[*1]In the Matter of International Student Exchange, Inc., respondent, 
v
Assessors Office of the Town of Islip, et al., appellants.


John R. DiCioccio, Town Attorney, Islip, NY (Taryn L. Jewell of counsel), for respondent.
Pryor Cashman LLP, New York, NY (Daniel L. Kurtz, Shveta Kakar, and Daniel V. Derby of counsel), for appellants.



DECISION & ORDER
In a proceeding pursuant Real Property Tax Law article 7 to review a real property tax assessment for the tax year 2018/2019, and pursuant to CPLR article 78 to review a determination of the Board of Assessment Review of the Town of Islip dated June 29, 2018, which dismissed the petitioner's appeal from the denial of its application for a property tax exemption for the tax year 2018/2019, the Assessors Office of the Town of Islip, Board of Assessment Review of the Town of Islip, and Town of Islip appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated June 18, 2019. The order and judgment, insofar as appealed from, in effect, granted that branch of the petition which was pursuant to CPLR article 78, annulled the determination, and directed the Assessors Office of the Town of Islip, Board of Assessment Review of the Town of Islip, and Town of Islip to grant the petitioner a full tax exemption with respect to the subject property for the tax year 2018/2019.
ORDERED that the order and judgment is modified, on the law, without costs or disbursements, by deleting the provision thereof directing the Assessors Office of the Town of Islip, Board of Assessment Review of the Town of Islip, and Town of Islip to grant the petitioner a full tax exemption with respect to the subject property for the tax year 2018/2019; as so modified, the order and judgment is affirmed insofar as appealed from, the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, and the time to serve an answer to the petition is extended until 20 days after service upon the Assessors Office of the Town of Islip, Board of Assessment Review of the Town of Islip, and Town of Islip of a copy of this decision and order.
The petitioner, International Student Exchange, Inc., is a nonprofit public benefit corporation incorporated in 1982 pursuant to the California Nonprofit Public Benefit Corporation Law (Cal Corp Code § 5110 et seq.). The petitioner acquired the subject real property in 2014. The petitioner timely submitted an application for a property tax exemption for the 2018/2019 tax year pursuant to Real Property Tax Law § 420-a. The application was denied by the Assessor of the Town of Islip who found that the petitioner was not organized for an exempt purpose, and the property was not used for an exempt purpose. The petitioner's appeal to the Board of Assessment Review of the Town of Islip was dismissed by a determination dated June 29, 2018, and the property [*2]was assessed at $191,000.
The petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 and CPLR article 78, to annul the determination and to obtain a full tax exemption. The Assessors Office of the Town of Islip, Board of Assessment Review of the Town of Islip, and Town of Islip (hereinafter collectively the Town) moved to dismiss the petition, arguing, among other things, that the petitioner was not entitled to the exemption for which it had applied.
The Supreme Court denied the Town's motion to dismiss, found the Town's determination to be arbitrary and capricious, determined that the petitioner was entitled to a tax exemption, and directed the Town to grant the petitioner a full tax exemption pursuant to RPTL 420-a(1)(a). The Town appeals.
Since the Town's determination to deny the exemption was not made after a quasi-evidentiary hearing, this Court must consider only whether it "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 2 NY3d 142, 146). While interpretation of a statute by the agency charged with its enforcement is generally entitled to judicial deference, when the question is one of pure statutory reading and analysis, there is little basis to rely on any special competence or expertise of the administrative agency (see Matter of Moran Towing & Transp., Co. v New York State Tax Commn., 72 NY2d 166, 173).
RPTL 420-a(1)(a) provides: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." Thus, there is a two-part test to determining entitlement to a property tax exemption: (1) whether the owner of the property is organized or conducted exclusively, or primarily, for an exempt purpose; and (2) whether the particular property for which the exemption is sought is itself primarily used for an exempt purpose (see Mohonk Trust v Board of Assessors of Town of Gardiner, 47 NY2d 476, 483). The burden of establishing these facts rests with the taxpayer (see Matter of Homeland Found., Inc. v Gotovich, 148 AD3d 708).
Here, contrary to the Town's contentions, the undisputed record facts establish that the petitioner is organized exclusively for an exempt purpose. The petitioner submitted evidence that it was incorporated in 1982 pursuant to the California Nonprofit Public Benefit Corporation Law, that the New York Department of State recognizes the petitioner as a foreign not-for-profit corporation, and it is exempt from payment of the New York State and local sales and use tax. The petitioner has also been recognized as a tax-exempt entity pursuant to Internal Revenue Code (26 USC) § 501(c)(3) since December 1982. While evidence of section 501(c)(3) status does not create a presumption that the petitioner is entitled to a tax exemption under RPTL 420-a, such evidence can be considered, along with statements in the entity's organizational documents, in determining whether the entity is organized for an exempt purpose (see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614, 627). Here, the petitioner's Articles of Incorporation provide that it is a nonprofit public benefit corporation, and that "[t]he public purpose of the corporation is to promote the general welfare and education of children, adolescents and young adults, including students, worldwide by developing, sponsoring and contributing to programs that educate, support and connect the global community." The petitioner's stated mission is "Educating Tomorrow's Leaders," which it accomplishes by placing international exchange students with volunteer host families in the United States. The exchange students attend local high schools, experience American family life, and participate in community service. The petitioner brings more than 2,000 exchange students to the United States each year in furtherance of the Fulbright-Hays Act of 1961 (Pub L No. 87-256, 75 Stat 527, codified at 22 USC § 2451 et seq.) and in accordance with that federal statute (see 22 USC § 2452[a][1]). The State Department of the United States gives the petitioner the authority to issue J-1 visas to students, as a tax-exempt organization running a [*3]secondary school student exchange visitor program under 22 CFR 62.25(b). These undisputed facts establish that the petitioner is organized for an exempt purpose.
The fact that the petitioner does not regard itself as a school and does not conduct any courses of instruction does not change the result. A charter from the Board of Regents, accreditation from the Commissioner of Education, and faculty or student enrollment are also not required before an entity may qualify for a tax exemption (see Matter of Symphony Space v Tishelman, 60 NY2d 33, 37). Whether the petitioner is approved by the Department of Education is not dispositive of the issue of whether the petitioner is organized and conducted exclusively for educational purposes (see Matter of Rockland & Orange Counties Carpenter's Apprentice Fund Local No. 964 v Town of Stony Point, 264 AD2d 847).
Furthermore, "while exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption, an interpretation so literal and narrow that it defeats the exemption's settled purpose is to be avoided" (Mohonk Trust v Board of Assessors of Town of Gardiner, 47 NY2d at 483 [internal quotation marks omitted]). Thus, the Court of Appeals has stated that "rather than dissecting each exempt purpose, this court has indicated that the statute may
encompass property used primarily for various and varied charitable and educational purposes and the moral or mental improvement of the citizenry" (Matter of Symphony Space v Tishelman, 60 NY2d at 37).
The petitioner's Articles of Incorporation state that it is not organized for the private gain of any one person. Even if the petitioner benefits economically from its programs or from the rental of the property, its filed financial documents set forth that the benefit inures to the organization, not to its officers or employees personally (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 216). Thus, the undisputed record facts show that the petitioner is organized exclusively for an exempt purpose (see Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367). Therefore, we agree with the Supreme Court's finding that the Town's determination to the contrary was arbitrary and capricious (see CPLR 7803[3]).
Under RPTL 420-a, even when the property owner is shown to have an exempt purpose, the owner must still demonstrate that the property is used exclusively for that exempt purpose (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d at 216). Within the context of § 420-a, whether the property is being used exclusively for statutory exempt purposes depends on whether the primary use of the property is in furtherance of permitted purposes (see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 250; Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d 665, 667).
Here, it is undisputed that the petitioner uses the property as its headquarters, in furtherance of its exempt purpose. However, the property is improved with a two-story office building measuring more than 17,700 square feet, and there are no record facts as to what portion of the building is actually used by the petitioner in furtherance of its purpose (see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614; Matter of Vassar Bros. Hosp. v City of Poughkeepsie, 97 AD3d 756). In addition, the petitioner indicated on its application that it plans to lease 2,500 square feet of the property to a tenant. RPTL 420-a(2) provides that "[i]f any portion of such real property is not so used exclusively to carry out thereupon one or more of such purposes but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt," unless the tenant and its use of the property is also exempt from taxation. Therefore issues of fact exist as to whether the petitioner is entitled to a full or partial tax exemption for the property for the tax year 2018/2019. Accordingly, the matter should be remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court