Nationstar Mtge., LLC v Phillip J. Coglietta (2020 NY Slip Op 07902)





Nationstar Mtge., LLC v Phillip J. Coglietta


2020 NY Slip Op 07902


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-03292
 (Index No. 5567/09)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Phillip J. Coglietta, et al., appellants, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Phillip J. Coglietta and Phyllis J. Coglietta appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 5, 2017. The order, in effect, denied those branches of the motion of the defendants Phillip J. Coglietta and Phyllis J. Coglietta which were pursuant to CPLR 5015(a)(3) and (4) to vacate a judgment of foreclosure and sale dated March 2, 2016, and pursuant to CPLR 2221 for leave to renew and/or reargue with respect to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the appeal from so much of the order as, in effect, denied that branch of the motion of the defendants Phillip J. Coglietta and Phyllis J. Coglietta which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In March 2009, the plaintiff's predecessor in interest commenced this action against the defendants Phillip J. Coglietta and Phyllis J. Coglietta (hereinafter together the defendants), among others, to foreclose a mortgage on certain property located in Seaford. A judgment of foreclosure and sale was entered on March 2, 2016. Subsequent thereto, the defendants moved, inter alia, pursuant to CPLR 2221 for leave to renew with respect to a prior determination "granting summary judgment . . . in favor of the plaintiff," and pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale. The defendants argued that the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them should have been denied and the judgment of foreclosure and sale should be vacated because the plaintiff failed to prove its compliance with RPAPL 1303. By order entered December 5, 2017, the Supreme Court, in effect, denied those branches of the defendants' motion. The defendants appeal.
"A judgment of foreclosure and sale . . . against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been [*2]litigated in the foreclosure action" (Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503; see Wells Fargo Bank, N.A. v Colace, 178 AD3d 1117, 1118; Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022, 1023; Signature Bank v Epstein, 95 AD3d 1199, 1201). Therefore, a motion pursuant to CPLR 2221 was not "the proper procedural vehicle to address [the] final judgment" (Maddux v Schur, 53 AD3d 738, 739; see Wells Fargo Bank, N.A. v Colace, 178 AD3d at 1118).
The defendants failed to provide any basis for vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) or (4) (see Wells Fargo Bank, N.A. v Colace, 178 AD3d at 1118; Wells Fargo Bank, N.A. v Coffey, 177 AD3d at 1024).
Accordingly, we agree with the Supreme Court's determination, in effect, to deny those branches of the defendants' motion which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 2221 for leave to renew with respect to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against them.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court