NYCTL 1998-2 Trust v AngelDocs, Inc. (2025 NY Slip Op 02595)

NYCTL 1998-2 Trust v AngelDocs, Inc.

2025 NY Slip Op 02595

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00322
 (Index No. 703761/15)

[*1]NYCTL 1998-2 Trust, et al., respondents,
v
AngelDocs, Inc., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Stephen Alexander Biolsi of counsel), for appellant.
Bronster, LLP, New York, NY (Josef F. Abt and John Tangel of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a tax lien, the defendant AngelDocs, Inc., appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated December 7, 2023. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Janice A. Taylor, J.) entered June 21, 2022.
ORDERED that the order is affirmed, with costs.
The defendant AngelDocs, Inc. (hereinafter AngelDocs), is the owner of certain real property located in Queens (hereinafter the subject property). The City of New York issued a tax lien regarding the subject property in August 2014, for unpaid property taxes from January 2007 to July 2010.
In April 2015, the plaintiffs, NYCTL 1998-2 Trust and Bank of New York Mellon, commenced the instant action against AngelDocs, among others, to foreclose the tax lien. AngelDocs answered the complaint and asserted, inter alia, an affirmative defense alleging that it was a tax-exempt corporation pursuant to RPTL 420-a.
In March 2016, the Supreme Court granted the plaintiffs' unopposed motion, among other things, for summary judgment on the complaint insofar as asserted against AngelDocs and to strike AngelDocs's answer. The court thereafter appointed a referee to compute the amount due to the plaintiffs. In an order and judgment of foreclosure and sale entered June 21, 2022, the court, inter alia, granted the plaintiffs' motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property. In September 2023, AngelDocs moved, among other things, pursuant to CPLR 5015(a)(3) and (4) to vacate the order and judgment of foreclosure and sale on the ground that it was exempt from paying real property taxes. In an order dated December 7, 2023, the court denied AngelDocs's motion. AngelDocs appeals.
"'A judgment of foreclosure and sale . . . against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might [*2]have been litigated in the foreclosure action'" (Nationstar Mtge., LLC v Coglietta, 189 AD3d 1435, 1436, quoting Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503; see Wells Fargo Bank, N.A. v Colace, 178 AD3d 1117, 1118; Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022, 1023).
Here, AngelDocs failed to provide any basis for vacating the order and judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) or (4) (see Nationstar Mtge., LLC v Coglietta, 189 AD3d at 1437; Wells Fargo Bank, N.A. v Colace, 178 AD3d at 1118; Wells Fargo Bank, N.A. v Coffey, 177 AD3d at 1024). "[E]vidence of an organization's section 501(c)(3) status, by itself, does not create a presumption that the entity is entitled to a tax exemption under section 420-a" (Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614, 627; see Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d 815, 818). AngelDocs failed to demonstrate its tax exempt status pursuant to RPTL 420-a because it did not establish that it applied for an exemption for the relevant time period (see id. § 420-a[11]; Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d at 627; Matter of Inward House Corp. v Frey, 227 AD2d 845, 846).
In light of the foregoing, the parties' remaining contentions either need not be reached or are without merit.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court