Wells Fargo Bank, N.A. v Helberg (2025 NY Slip Op 06751)

Wells Fargo Bank, N.A. v Helberg

2025 NY Slip Op 06751

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-00754
 (Index No. 4233/15)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Steven Helberg, et al., appellants, et al., defendants.

David A. Bythewood, Mineola, NY, for appellants.
Greenberg Traurig, LLP, New York, NY (Adam P. Hartley, Patrick G. Broderick, and Leah Jacob of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steven Helberg, Deidre Helberg, Sierra Helberg, sued herein as John Doe #1, and Steven Helberg, Jr., sued herein as John Doe #2, appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 11, 2023. The order denied those defendants' motion, in effect, (1) for leave to renew their opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) of the same court dated January 25, 2023, and, upon renewal, to deny the motion and to award those defendants summary judgment dismissing the complaint insofar as asserted against them or (2), in the alternative, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale and for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In May 2015, the plaintiff commenced this action against, among others, the defendants Steven Helberg, Deidre Helberg, Sierra Helberg, sued herein as John Doe #1, and Steven Helberg, Jr., sued herein as John Doe #2 (hereinafter collectively the defendants), to foreclose a mortgage on certain real property located in Freeport. On January 25, 2023, the Supreme Court issued an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirming the referee's report, and directing the sale of the property. In May 2023, a foreclosure sale of the property was conducted, with the plaintiff placing the winning bid.
Thereafter, the defendants moved, in effect, for leave to renew their opposition to the plaintiff's prior motion and, upon renewal, to deny the plaintiff's prior motion and to award the defendants summary judgment dismissing the complaint insofar as asserted against them or, in the alterative, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale and for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the defendants argued that renewal was warranted based upon the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). The defendants also argued that the plaintiff improperly failed to notify the Supreme Court of FAPA's passage, [*2]resulting in the court's erroneous issuance of the order and judgment of foreclosure and sale. The plaintiff opposed the motion. By order dated October 11, 2023, the court denied the defendants' motion. The defendants appeal.
"'A judgment of foreclosure and sale . . . against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action'" (Nationstar Mtge., LLC v Coglietta, 189 AD3d 1435, 1436, quoting Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503). Therefore, a motion for leave to renew was not "the proper procedural vehicle to address [the] final judgment" (Maddux v Schur, 53 AD3d 738, 739; see Nationstar Mtge., LLC v Coglietta, 189 AD3d at 1437; Wells Fargo Bank, N.A. v Colace, 178 AD3d 1117, 1118). Furthermore, the defendants failed to establish their entitlement to vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) (see Nationstar Mtge., LLC v Coglietta, 189 AD3d at 1437; Wells Fargo Bank, N.A. v Colace, 178 AD3d at 1118).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendants' motion, in effect, for leave to renew their opposition to the plaintiff's prior motion to confirm a referee's report and for a judgment of foreclosure and sale and, upon renewal, to deny the plaintiff's prior motion and to award the defendants summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale and for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court