■ In the Matter of GREENTREE FOUNDATION, Appellant, v ASSESSOR OF COUNTY OF NASSAU et al., Respondents. [755 NYS2d 271] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents Assessor of the County of Nassau and Board of Assessors of the County of Nassau, dated April 3, 2001, which denied the petitioner's application, inter alia, for a real property tax exemption for the tax year 2001/ 2002, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered January 30, 2002, which denied the petition and, in effect, dismissed the proceeding, and (2) an order of the same court entered June 28, 2002, which denied its motion for leave to renew.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The record supports the Supreme Court's determination that the petitioner was not entitled to a tax exemption pursuant to RPTL 420-a (1) or (3). The petitioner failed to demonstrate that its property was used exclusively for one or more of the exempt purposes set forth in RPTL 420-a (1) (a) (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244, 249; *Matter of Swedenborg Found. v Lewisohn,* 40 NY2d 87, 93-94 [1976]; *Matter of Association of Bar of City of N.Y. v Lewisohn,* 34 NY2d 143, 153 [1974]). Nor did the petitioner demonstrate any entitlement to an exemption pursuant to RPTL 420-a (3) (*see Economic Opportunity Commn. of Nassau County v Village of Hempstead,* 148 AD2d 570 [1989]; *Congregation K'hal Torath Chaim v Town of Ramapo,* 72 AD2d

804, 805 [1979]). Thus, there was a rational basis for the respondents' determination that the petitioner failed to establish entitlement to an exemption from real estate taxes (*see* RPTL 420-a; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231 [1974]; *Matter of Marble Masonic Historical Socy. v Tuckahoe Assessment Review Bd.,* 262 AD2d 487, 488 [1999]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.