[806 NE2d 973, 774 NYS2d 860]

In the Matter of LEGION OF CHRIST, INCORPORATED, Appellant, v
TOWN OF MOUNT PLEASANT et al., Respondents.

Argued January 13, 2004; decided February 19, 2004

## POINTS OF COUNSEL

*Shamberg Marwell Hocherman Davis & Hollis, P.C.,* Mount Kisco (*John S. Marwell, Adam L. Wekstein* and *Geraldine N. Tortorella* of counsel), and *Bleakley Platt & Schmidt, LLP,* White Plains (*Hugh D. Fyfe* of counsel), for appellant. I. In violation of all applicable law and the Constitution, the Appellate Division decision conditioned a bona fide religious organization's entitlement to the mandatory exemption of RPTL 420-a (3) on the receipt of land use approvals deemed necessary by the local taxing authorities. (*Matter of Korean Joong Bu Presbyt. Church of N.Y. v Incorporated Vil. of Old Westbury,* 303 AD2d 755; *McGann v Incorporated Vil. of Old Westbury,* 293 AD2d 581, 98 NY2d 728, 99 NY2d 532; *Matter of Colella v Board of Assessors of County of Nassau,* 266 AD2d 286, 95 NY2d 401; *Congregation K'hal Torath Chaim v Town of Ramapo,* 72 AD2d 804; *Matter of Board of Foreign Missions of M.E. Church v Board of Assessors of City of Yonkers,* 244 NY 42; *People ex rel. National Academy of Design v Feitner,* 31 Misc 565; *Matter of Metropolitan Life Ins. Co. v Boland,* 281 NY 357; *Williams Institutional Colored M.E. Church v City of New York,* 275 App Div 311, 300 NY 716; *People ex rel. Doctors Hosp. v Sexton,* 267 App Div 736, 295 NY 553; *Matter of Brown v Wing,* 93 NY2d 517.) II. The proposed use of the property is permitted without a special permit as a "place of worship" under the zoning ordinance and is tax exempt. (*Matter of Carroll v Ingram,* 59 AD2d 85, 43 NY2d 642, 44 NY2d 948; *People v Eulo,* 63 NY2d 341; *Matter of Stefco Realty Corp. v Commerdinger,* 29 Misc 2d 587; *Matter of Tonis v Board of Regents of Univ. of State of N.Y.,* 295 NY 286; *Matter of Briar Hill Lanes v Town of Ossining Zoning Bd. of Appeals,* 142 AD2d 578; *Matter of Kamhi v Planning Bd. of Town of Yorktown,* 59 NY2d 385; *Matter of Toys "R" Us v Silva,* 89 NY2d 411; *Matter*

*of Allen v Adami,* 39 NY2d 275; *Jewish Reconstructionist Synagogue of N. Shore v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, 39 NY2d 744, 426 US 950; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508.)

*Thacher Proffitt & Wood LLP,* White Plains (*Lino J. Sciarretta, Kevin J. Plunkett* and *Stefanie A. Bashar* of counsel), for respondents. I. The Legion of Christ, Incorporated cannot use the property as proposed without a special permit and is thus not entitled to a real property tax exemption. (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190; *Matter of Oxford Group-Moral Re-Armament, MRA v Sweet,* 309 NY 744; *Matter of United States Columbarium Co. v Tax Commn. of City of N.Y.,* 19 Misc 2d 256; *Matter of Colella v Board of Assessors of County of Nassau,* 266 AD2d 286, 95 NY2d 401; *Jewish Mental Health Socy. v Village of Hastings-on-Hudson,* 255 App Div 77, 279 NY 764; *McGann v Incorporated Vil. of Old Westbury,* 293 AD2d 581, 98 NY2d 728; *Matter of Korean Joong Bu Presbyt. Church of N.Y. v Incorporated Vil. of Old Westbury,* 303 AD2d 755; *Town of Mount Pleasant v Legion of Christ,* 266 AD2d 532; *Congregation K'hal Torath Chaim v Town of Ramapo,* 72 AD2d 804; *Economic Opportunity Commn. of Nassau County v Village of Hempstead,* 148 AD2d 570, 74 NY2d 608.) II. The Legion of Christ, Incorporated's proposed use is for a "religious institution" under the Town of Mount Pleasant Zoning Code. (*People v Finnegan,* 85 NY2d 53; *People v Correa,* 248 AD2d 630, 93 NY2d 821; *People v Gaskins,* 171 AD2d 272; *Matter of OnBank & Trust Co.,* 90 NY2d 725; *McGann v Incorporated Vil. of Old Westbury,* 186 Misc 2d 661, 293 AD2d 581.)

*Anthony J. Vlatas,* Washington, D.C., and *Anthony R. Picarello, Jr.,* for The Becket Fund for Religious Liberty, amicus curiae. I. Requiring local land use permits as a condition of tax exemption for religious groups would needlessly introduce a prolific source of religious discrimination into the administration of the tax laws. (*City of Boerne v Flores,* 521 US 507; *Employment Div., Dept. of Human Resources of Or. v Smith,* 494 US 872; *Church of the Lukumi Babalu Aye, Inc. v Hialeah,* 508 US 520; *Board of Trustees of Univ. of Ala. v Garrett,* 531 US 356.) II. Religious discrimination in the application of the tax laws would violate multiple, overlapping protections of the First and Fourteenth Amendments to the United States Constitution. (*City of Cleburne, Tex. v Cleburne Living Ctr.,* 473 US 432; *Pace Resources, Inc. v Shrewsbury Twp.,* 808 F2d 1023; *Village of*

*Willowbrook v Olech,* 528 US 562; *Wolff v McDonnell,* 418 US 539; *Dent v West Virginia,* 129 US 114; *State of Wash. ex rel. Seattle Tit. Trust Co. v Roberge,* 278 US 116; *Nectow v City of Cambridge,* 277 US 183; *Village of Euclid, Ohio v Ambler Realty Co.,* 272 US 365; *Moore v City of E. Cleveland, Ohio,* 431 US 494; *Schad v Borough of Mount Ephraim,* 452 US 61.)

**OPINION OF THE COURT**

CIPARICK, J.

We are called upon by this appeal to interpret the contemplation in "good faith" component of RPTL 420-a (3) (a), and determine whether the courts below improperly imposed a precondition on the taxpayer before authorizing a religious use tax exemption.

Taxpayer petitioner Legion of Christ, Incorporated is a religious order of the Roman Catholic Church and a nonprofit corporation within the meaning of RPTL 420-a (1). As described in its certificate of incorporation, it was formed to provide religious instruction and education as well as residence, government and direction for its members.

In December 1996, Legion purchased an unimproved 168-acre parcel of land (the subject property) and a contiguous 97-acre parcel improved with structures from its prior owner, International Business Machines (IBM). As described in its application for real property tax exemption, Legion intended to use the subject property "in connection with the training and education of Catholic laity, priests and seminarians at the Legion's Conference Center on the adjacent" 97-acre parcel. Legion planned to develop the property into a "campus-like environment" where members could enjoy "quiet reflection, meditation, reading, studying and group discussions." In addition, the property was to be developed "for outdoor religious activities"—including an outdoor chapel, a rosary path, Stations of the Cross and a grotto. There would also be recreational sites such as sport fields, picnic areas and gardens.

The subject property is located in the OB-1 General Office Building District of respondent Town of Mount Pleasant. Pursuant to the Town Zoning Code, the principal use of property within the OB-1 zone for a church or other place of worship is permitted as of right. However, a special use permit is required to develop property in the district for other forms of religious activity.

In May 1997, while the subject property was still unimproved, Legion applied for tax exempt status for the subject property

under RPTL 420-a, which governs tax exemption for the real property of nonprofit religious organizations. In support of its application, Legion attached (1) its certificate of incorporation, (2) a site plan prepared by its retained land use planning specialist, (3) a proposed schedule for the plan and (4) a resolution from its Board of Directors—designating $260,000 in corporate funds for the project, authorizing trainees to provide the necessary labor and appointing a project manager. Upon review, the Assessor of the Town of Mount Pleasant denied Legion real property tax exemption.

Thereafter, Legion filed a complaint with respondent Board of Assessment Review. After a hearing, the Board denied the complaint and upheld the taxable status of the property. The Board reasoned that:

> "no formal plans, building permits, special permits or other occurrences legally required to make use of the property as described in the Map of the Property submitted with the Complaint have been filed, applied for or undertaken. Mere ownership of the property and proposed plans which are not 'crystallized' in the form of an application for approval do not, in and of themselves, mandate tax-exempt status of the property."

Legion commenced this tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law against the Town of Mount Pleasant, its Assessor and Board of Assessment Review (collectively the Town), seeking to annul the denial of the exemption. It moved for summary judgment declaring the subject parcel tax exempt and for a stay of enforcement of the tax liens placed on the property. The Town cross-moved for summary judgment declaring the property fully taxable and to lift the stay of its enforcement of the tax liens.

Supreme Court denied Legion's motion and granted the Town's cross motion, adjudging the subject property fully taxable for the tax years 1997 through 2001, lifting the stay and extending the time for Legion to redeem the tax liens on the property. The court recognized that the exempt nature of Legion was not at issue and "the purposes for which petitioner uses or plans to use the subject property are exempt under the statute." The court found that the uncompleted parts of the plan—for example, the grotto in honor of Mary and the outdoor open-air chapel—were "contemplated in good faith." Nonetheless, it

concluded that Legion's "use of the subject parcel for its religious institution's activities [is] unlawful in the absence of the required special permit."

The Appellate Division affirmed. It reasoned that because Legion's intended principal use of the property was for religious institutional purposes, its proposed use of the property was illegal absent a special use permit and such "illegal" use barred tax exemption (303 AD2d 507, 508 [2003]). We now reverse and remit to the Appellate Division.

## Discussion

Real Property Tax Law § 420-a establishes a mandatory tax exemption for real property of nonprofit corporations. To qualify for exemption under section 420-a, a party must demonstrate first, that the nonprofit corporation is "conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes" and second, that the property is "used exclusively for carrying out thereupon one or more of such purposes" (RPTL 420-a [1] [a]). Where the property for which exemption is being sought is unimproved, as it is here, and, therefore, not being used to further any of the enumerated objectives, it is still possible for nonprofit organizations to receive tax exemption for their land. Section 420-a (3) of the Real Property Tax Law provides, in pertinent part:

> "Such real property from which no revenue is derived shall be exempt though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon if (a) the construction of such buildings or improvements is in progress or is in *good faith contemplated* by such corporation or association . . ." (RPTL 420-a [3] [emphasis added]).

To demonstrate that the improvements are in "good faith contemplated" within the meaning of section 420-a, the applicant seeking an exemption must have "concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future" (*Congregation K'hal Torath Chaim v Town of Ramapo*, 72 AD2d 804, 805 [2d Dept 1979] [quoting 4 Ops Counsel SBEA No. 52, at 90 (1975)]; *see also* 10 Ops Counsel SBRPS No. 72 [1998]; *Economic Opportunity Commn. of Nassau County v Village of Hempstead*, 148 AD2d 570, 572 [2d Dept 1989]).

The parties dispute whether Legion's improvements were in good faith contemplated to facilitate the religious use of the property. Legion argues that an application for a special use permit, while at times a relevant factor in determining good faith, cannot properly be made a prerequisite to real property tax exemption under section 420-a (3) (a). The Town contends that Legion's failure to apply for a special use permit for the relevant tax years—1997 through 2001—refutes any claim that it had a "concrete or definite plan" to develop the property for religious institutional purposes. It further argues that Legion's intended use of the property was illegal absent a special use permit and, therefore, Legion was barred from tax exemption. While generally tax exemption statutes must be construed against the taxpayer, they should not be so narrowly interpreted as to defeat their settled purpose to encourage, foster and protect religious institutions as a public benefit (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249 [1992]; *see also People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350, 358 [1960]).

The Town's reliance on *Matter of Oxford Group-Moral Re-Armament, MRA v Allen* (309 NY 744 [1955] [arising under the predecessor statute to section 420-a]) is misplaced. *Oxford* involved land that was already developed and actually being used for exempt purposes in violation of the municipal zoning law, not property that was vacant or otherwise unimproved, as is the case here. *Oxford* provides no support for the proposition that nonprofit organizations must acquire or apply for special permits to qualify for tax exemption on the basis of good faith. The additional requirement imposed by the Appellate Division that an applicant must possess a special use permit is also not found in section 420-a. We, therefore, reject the proposition that a special use permit is required as a condition precedent to a real property tax exemption pursuant to Real Property Tax Law § 420-a (3) (a).

An application for a special use permit may well be a factor in determining good faith. A zoning authority may look to other criteria to determine if in fact a public benefit improvement is contemplated and is the subject of concrete or definite plans. The inquiry necessarily is fact-specific. Moreover, each taxable year is distinct and separate for purposes of RPTL 420-a (3) (a) exemption eligibility. With each application for renewal, the boundaries of good faith take on new dimensions. As years pass, the taxpayer may reasonably be required to show some concrete

act toward developing or otherwise improving the property to carry out the tax exempt purpose. Property must not be allowed to lie idle indefinitely at the expense of the locality and its citizens. This "landbanking" has the effect of diminishing the tax base of a locality and increasing the tax burden for schools and other municipal operations.

The Appellate Division erred in determining that the proposed use was illegal absent the acquisition of a special use permit. The Court therefore did not undertake a review of the issue of "good faith contemplat[ion]" and instead concluded the principal use of the property was to be for "religious institution[al] purposes, not for worship" (303 AD2d at 508). The proper inquiry should have been whether the development of the property for tax exempt purposes was "in good faith contemplated." As the Appellate Division never reached that issue, we remit to it for that purpose.* In light of our determination, we need not consider Legion's other arguments.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that Court for further proceedings in accordance with this opinion.

R.S. SMITH, J. (dissenting in part). I agree that the Appellate Division committed an error of law in holding that the absence of a special permit barred petitioner's application for a real property tax exemption. On my view of the record, however, that error was the sole basis on which the application was or could have been denied. I therefore see no need to remit for further proceedings, and would simply grant petitioner's motion for summary judgment annulling the denial of the tax exemption.

Petitioner presented to the respondent Board of Assessment Review (BAR) and to the courts below a development plan, pre-

---

* We disagree with the dissent's conclusion that "the parties' submissions to Supreme Court contain nothing that places petitioner's good faith in doubt" and that the Board did not "find the petitioner was not intending to use the property in the way it said it was, or even suggest there was any doubt about petitioner's intention" (dissenting op at 414). Specifically, in its affidavit in support of its cross motion for summary judgment and its reply affidavit in further support of that cross motion, the Town argued both that a special use permit was a prerequisite to tax exemption and that Legion's failure to submit an application for a special use permit refuted that Legion had a concrete plan to develop the property. The Town has consistently argued that the improvements proposed by Legion have not been the subject of concrete or definite plans to meet the good faith component of RPTL 420-a (3) (a).

pared by an outside land use planner, to use the property for outdoor religious activities, including Stations of the Cross, a grotto of Our Lady, an outdoor chapel and a rosary path. It is not disputed that the property, if so used, would be entitled to a tax exemption, so the only possible issue is whether the proposed use was "in good faith contemplated" within the meaning of RPTL 420-a (3) (a). I see no basis in the record for doubting that it was.

No evidence suggests, and no one has advanced the theory, that petitioner's plan for the property was a sham designed to preserve a tax exemption, and that the petitioner was in fact planning to leave the property unimproved or to develop it in some nonexempt way. The sole fact on which the BAR and the courts below relied in denying the exemption was that petitioner had not fulfilled applicable legal requirements for its proposed use—principally, that it had not applied for or obtained a special permit. But petitioner's reason for not applying was that it did not believe a special permit to be required; in petitioner's view, the proposed use would constitute a "[c]hurch [or] other place[ ] of worship" under the applicable zoning ordinance. Whether petitioner is right or wrong about this, its decision not to apply for a special permit does not, under these circumstances, create any doubt about its good faith in contemplating the development described in its submission.

The BAR denied a tax exemption solely because "no formal plans, building permits, special permits or other occurrences legally required to make use of the property . . . have been filed, applied for or undertaken." The BAR did not find the petitioner was not intending to use the property in the way it said it was, or even suggest there was any doubt about petitioner's intention. Similarly, the parties' submissions to Supreme Court contain nothing that places petitioner's good faith in doubt. Supreme Court specifically found: "whatever parts of the . . . plan [submitted by petitioner] have not been completed . . . are contemplated in good faith."

This finding was not challenged by respondents on appeal; it was not disturbed by the Appellate Division; and it was not (and could not be) questioned in this Court. Indeed, it seems that the parties and the lower courts have operated on the assumption that petitioner's right to a tax exemption turns entirely on the issue of whether a special permit is a prerequisite to the exemption. Since we unanimously rule in petitioner's favor on this issue, I see no basis for denying summary judgment to petitioner.

Accordingly, I would reverse and grant petitioner's motion for summary judgment, and I respectfully dissent from so much of the Court's opinion as does otherwise.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur with Judge CIPARICK; Judge R.S. SMITH dissents in part in a separate opinion.

Order reversed, etc.