■ In the Matter of WORLD BUDDHIST CH'AN JING CENTER, INC., Appellant, v CURT J. SCHOEBERL, as Assessor of the Town of Shawangunk, et al., Respondents. [846 NYS2d 392]—

---

Spain, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered June 7, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's applications for real property tax exemptions.

Petitioner is a not-for-profit tax exempt religious corporation which owns a Buddhist Temple in Queens County that reportedly has over 1,000 members. In 2000, petitioner acquired a 102-acre parcel of land in the Town of Shawangunk, Ulster County, which contains buildings and housing for its leader and approximately 25 monks, nuns and disciples. That parcel was granted an exemption from real property taxes pursuant to RPTL 420-a in 2001. In mid-December 2004, petitioner was gifted three adjoining lots containing approximately 42 acres and it filed applications for exemptions from real property taxes under RPTL 420-a. Respondent Curt J. Schoeberl, the Assessor of the Town of Shawangunk, denied the applications premised, among other grounds, on the finding that petitioner "has not shown any plans or any good faith contemplation to utilize the additional 37 [sic] acres exclusively to carry out its religious purposes."

Petitioner filed grievances and, after a hearing, the Board of Assessment Review upheld the assessor's denial of exemptions for the three parcels. Petitioner commenced this special proceeding pursuant to CPLR article 78 claiming that the denials were arbitrary and capricious and should be annulled. On cross motions for summary judgment, Supreme Court dismissed the petition concluding that petitioner had not demonstrated entitlement to the exemptions. Petitioner now appeals.

"[RPTL] 420-a establishes a mandatory tax exemption for real property of nonprofit corporations" (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d 406, 411 [2004]). The property owner carries the burden of proof to demonstrate entitlement to a real property tax exemption (*see Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb*, 21 AD3d 620, 621 [2005]; *see also Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]); tax exemption statutes

are "strictly construed" against the property owner (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249 [1992]), although they "should not be so narrowly interpreted as to defeat their settled purpose to encourage, foster and protect religious institutions as a public benefit" (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d at 412).

Qualification for this exemption requires property owners to demonstrate, first, that their corporation is "organized or conducted exclusively for religious [or other enumerated] purposes" (RPTL 420-a [1] [a]), which respondents have at all times conceded with regard to petitioner. The second requirement is proof that the property is being "used exclusively for carrying out thereupon one or more of such purposes" (RPTL 420-a [1] [a]). "The term 'exclusively,' in this context, has been broadly defined to connote 'principal' or 'primary' such that purposes and uses merely 'auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption' " (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d at 249, quoting *Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153 [1974]). Where the property for which an exemption is sought is "not in actual use" (RPTL 420-a [3]) for exempt purposes, such as where it is unimproved or, in its current state it lacks "suitable buildings or improvements" (RPTL 420-a [3]), the owner may qualify for the exemption by demonstrating that "the construction of such buildings or improvements is *in progress* or is *in good faith contemplated* by such corporation" (RPTL 420-a [3] [a] [emphasis added]). Such a showing that improvements are "in good faith contemplated" requires the owner to set forth " '*concrete* and *definite* plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future' " (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d at 411 [emphasis added], quoting *Congregation K'hal Torath Chaim v Town of Ramapo*, 72 AD2d 804, 805 [1979]).

Here, we agree with Supreme Court's conclusion that the limited record before respondents was inadequate to establish that petitioners were then exclusively using the three lots for their religious purposes or incidental to such purposes, or that improvements were in progress or in good faith contemplated as evidenced by concrete and definite plans to utilize the property for exempt purposes (*see* RPTL 420-a). Petitioner's initial application for all three parcels, later replaced by a separate application for each parcel, listed the buildings on the parcels as "three residential dwellings and a former restaurant" and

described the uses of the property as "proposed living quarters for participants in retreat, library, meditation center, office for staff; publication of religious tracts." However, the section in which planned buildings or other improvements should be detailed contained no additional information, the next question indicated that no resolution authorizing improvements existed, and the question about when construction would begin was answered "undecided." With regard to the unimproved portion of the land, petitioner indicated only that it was "to remain undisturbed consistent with use of adjoining property . . . as a monastery and retreat house," with no details about activities, access or improvements contemplated to so utilize the land.

In petitioner's subsequently filed individual applications for each parcel, which presumably replaced the initial application, the proposed uses indicated are: (lot 1.1) "to house Retreat and Sutra House," described at the hearing as a house of worship; (lot 1.2) the use of the property is listed as "administrative office," and "possible housing for lecturers, disciples and other visitors" is denoted as a description given for the "buildings or other improvements" planned; and (lot 1.3) the use of the property is as a "house of worship [open to the public] and meditation, visiting spiritual teacher's quarters," and a later answer reflects a planned, unspecified "expansion of house of worship and meditation." None of the three individual applications describes the existing buildings or other improvements on the parcels, and none provides any information how or when those buildings will be renovated, expanded and utilized or what new buildings/improvements are contemplated, indicating simply "undecided," no answer or "unknown" to the question of when construction would begin.

According to the minutes of the hearing, petitioner's counsel asserted, without specificity, that petitioner intended to "fix the [existing] buildings" and make use of them with "no definite plans to build a larger building." Counsel also summarily stated that "the property is being used as a retreat" which contemplated "large amounts of undeveloped land" which will be kept "at its natural state," although it is not clear if this was a reference to the original parcel or one/all of these parcels.*

Upon review of the foregoing, we find that respondents rationally denied petitioner's applications for real property tax exemptions. While it has been recognized that "property owned by a religious corporation and used primarily as a spiritual

---

* In a letter to the assessor accompanying the grievances, petitioner's counsel stated on this subject only that "since one of the primary uses of the property is a retreat, excessive improvement would be inappropriate."

retreat is entitled to the exemption" (*Order Minor Conventuals v Lee*, 64 AD2d 227, 230 [1978]; *see Greater N.Y. Corp. of Seventh-Day Adventists v Town of Dover*, 29 AD2d 861, 861-862 [1968], *appeal dismissed* 23 NY2d 682 [1968]), petitioners did not demonstrate to respondents that any or all of the three parcels was actually being exclusively used as a retreat or for other religious purposes so as to qualify under RPTL 420-a (1) (a) (*see Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb*, 21 AD3d at 621). Neither did petitioners put forth information which would have permitted respondents to conclude that it had " 'concrete and definite plans' " to renovate and use existing buildings for exempt purposes at any time in the " 'foreseeable future' " (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d at 411, quoting *Congregation K'hal Torath Chaim v Town of Ramapo*, 72 AD2d at 805; *cf. Matter of Legion of Christ, Inc. v Town of Mount Pleasant*, 10 AD3d 609, 610-611 [2004], *lv denied* 4 NY3d 707 [2005]). To be sure, petitioner's good faith future intentions are not in doubt. However, even giving due regard to petitioner's relatively short period of ownership prior to the submission of these applications, the submissions were devoid of sufficient information or specifics to satisfy its burden of proof in seeking an exemption from all real property taxes (*cf. Matter of Legion of Christ v Town of Mount Pleasant*, 10 AD3d at 610; *Order Minor Conventuals v Lee*, 64 AD2d at 229-230).

To the extent that petitioner relies on evidentiary submissions tendered in this special proceeding—and on those submitted on the parties' cross motions—but which were not before respondents, this is impermissible as it violates a basic principle of CPLR article 78 review that "[j]udicial review of administrative determinations is confined to the 'facts and record adduced before the agency' " (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000], quoting *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]; *see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Likewise, courts have no authority to review issues raised for the first time in special proceedings, because no issue of law is presented by an unpreserved issue (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Reed v Artus*, 39 AD3d 1056, 1057 [2007]). Thus, petitioner's new arguments and evidence in favor of the exemption, raised for the first time in this proceeding, may not be considered in evaluating the soundness of respondents' determination. We are constrained to conclude that petitioner failed to demonstrate entitlement to the exemption and that respondents had a rational basis for denying the requests (*see*

*Matter of Regional Economic Community Action Program, Inc. v Bernaski,* 40 AD3d 1000, 1001 [2007], *lv granted* 9 NY3d 809 [2007]; Matter of *Ecclesia Word Ministries Intl., Inc. v Brophy,* 21 AD3d 372, 373 [2005], *lv denied* 6 NY3d 702 [2005]; *Matter of Greentree Found. v Assessor of County of Nassau,* 1 AD3d 357, 358 [2003]). Accordingly, Supreme Court correctly dismissed the petition.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

