■ In the Matter of GREENTREE FOUNDATION, Appellant, v ASSESSOR AND BOARD OF ASSESSORS OF COUNTY OF NASSAU, Respondent. [36 NYS3d 705]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Nassau County Department of Assessment, incorrectly sued herein as the Assessor and Board of Assessors of the County of Nassau, dated November 1, 2012, which denied the petitioner's application for a real property tax exemption for the tax year 2013/2014, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Parga, J.), entered April 7, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Nassau County Department of Assessment to issue a new determination granting the petitioner's application for a real property tax exemption for the tax year 2013/2014 and to correct the assessment roll for the tax year 2013/2014 to reflect that the petitioner is tax exempt.

The petitioner, Greentree Foundation (hereinafter Greentree), is a not-for-profit foundation which owns certain real property in Manhasset, Nassau County. The property is used as a conference center which Greentree makes available for use by other nonprofit organizations, particularly the United Nations, for meetings, retreats, and conferences. In December 2011, Greentree sought a tax exemption for the property for the tax year 2013/2014, pursuant to Real Property Tax Law § 420-a. In its application and supporting documents, Greentree asserted that 12.6 acres of the 408-acre property were developed with structures which were used as a conference center or retreat facilities.

In November 2012, the Nassau County Department of Assessment (hereinafter the assessors), incorrectly sued herein as the Assessor and Board of Assessors of the County of Nassau, denied the application. The assessors concluded, inter alia, that "the open or forested acreage is not integral to the purportedly exempt activities conducted" and that "certain restrictions

have been placed on the public's access to . . . the property's alleged exempt activities and claimed public use." Thereafter, Greentree commenced this proceeding pursuant to CPLR article 78, seeking, among other things, to annul the determination. In the judgment appealed from, the Supreme Court concluded that "the record contains rational support for the [Assessors'] findings" and, thus, it denied the petition and dismissed the proceeding. We reverse.

RPTL 420-a, which "establishes a mandatory tax exemption for real property of nonprofit corporations" (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d 406, 411 [2004]) provides, in pertinent part, "1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, *and* used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section" (emphasis added). Generally, "[t]he burden of establishing that the property is entitled to a tax exemption rests with the taxpayer" (*Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn*, 24 NY3d 362, 367 [2014]; *see Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581 [2009]). In a CPLR article 78 proceeding to review the denial of an application for a mandatory exemption pursuant to RPTL 420-a (1), the Supreme Court's dismissal of the proceeding will be affirmed when "there was a rational basis for the determination that the petitioner was not entitled to [an] exemption from real estate taxes" (*Matter of Community Church of Syosset v Assessor*, 76 AD3d 1064, 1064 [2010]; *see Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d 947, 951 [2007]; *Matter of Ecclesia Word Ministries Intl., Inc. v Brophy*, 21 AD3d 372, 373 [2005]).

On this appeal, the record supports the conclusion that Greentree is organized exclusively for an exempt purpose within the meaning of RPTL 420-a (1) (a), and that its conference center was used for that exempt purpose during the tax year 2013/2014 (*cf. Matter of Greentree Found. v Assessor of County of Nassau*, 1 AD3d 357 [2003]; *Matter of Greentree Found. v Assessor of County of Nassau*, 302 AD2d 523 [2003]). Indeed, the assessors do not dispute this conclusion. Rather, the assessors contend that undeveloped portions of the property are not integral to the use of the structures on the property as

a retreat and conference center, and thus, the entire subject property is not "used exclusively" for carrying out Greentree's exempt purpose as required by RPTL 420-a (1) (a).

The term "exclusively," in the context of RPTL 420-a, "is not to be read literally" (*Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 214 [2008]), and "has been broadly defined to connote principal or primary such that purposes and uses merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption" (*Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 25 NY3d 614, 623 [2015] [internal quotation marks omitted]). "Thus, whether property is used 'exclusively' for purposes of section 420-a is dependent upon whether the 'primary use' of the property is in furtherance of permitted purposes" (*id.* at 623, quoting *Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 250 [1992]; *see Sephardic Congregation of S. Monsey v Town of Ramapo*, 47 AD3d 915, 917 [2008]).

Here, Greentree demonstrated that the entire property should be considered as a single unit and that it is used exclusively for tax exempt purposes. More specifically, Greentree offered proof that the undeveloped area is an integral part of the property, regardless of the frequency of use, because it served to preserve the character of the remaining property and, thus, is entitled to exemption (*see University Auxiliary Servs. at Albany v Smith*, 78 AD2d 959, 960 [1980], *affd* 54 NY2d 986 [1981]; *see also People ex rel. Untermyer v McGregor*, 295 NY 237 [1946]; *Matter of Nassau County Council Boy Scouts of Am. v Board of Assessors of Town of Rockland*, 84 AD2d 862, 863 [1981]). In this regard, the record demonstrates that the undeveloped portion of the property acts as a buffer zone providing security and tranquility benefits which are part and parcel of the conference/retreat function of the entire property (*see Order Minor Conventuals v Lee*, 64 AD2d 227, 230-231 [1978]; *see also Matter of Paws Unlimited Found., Inc. v Maloney*, 91 AD3d 1173, 1175 [2012]; *cf. Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d at 951).

Under the circumstances of this case, it also was not rational to conclude that the exemption was unwarranted because of certain restrictions which have been placed on the public's access to the property. "[W]hile consideration of the benefit bestowed upon the public is but one factor that the courts may consider in determining whether the property is 'used exclusively' for one of the enumerated tax-exempt purposes, it is the 'used exclusively' test, and not the alleged 'public benefit' test,

that is the relevant inquiry" (*Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 25 NY3d at 629). Nor is there any evidence that Greentree's exempt use of the property was "a guise or pretense" for a use which primarily benefitted only Greentree (RPTL 420-a [1] [b]; *see Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476 [1979]; *Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn*, 104 AD3d 1294, 1297 [2013], *affd* 24 NY3d 362 [2014]).

The assessors' remaining contention is without merit.

Based on the foregoing, there was no rational basis for the Supreme Court's determination that Greentree was not entitled to an exemption from real estate taxes. Accordingly, the court should have granted the petition. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.