■ In the Matter of HOMELAND FOUNDATION, INCORPORATED, Appellant, v STEPHAN GOTOVICH, as the Assessor of the Town of Stanford, Respondent. [48 NYS3d 512]—

In a proceeding pursuant to Real Property Tax Law article 7 to review a determination of Stephan Gotovich as the Assessor of the Town of Stanford dated May 1, 2013, which denied the petitioner's application for property tax exemptions under RPTL 420-a for the tax year 2013, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated December 3, 2014, which denied the second amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

RPTL 420-a provides, in pertinent part:

"1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men,

women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.

"(b) Real property such as specified in paragraph (a) of this subdivision shall not be exempt if any officer, member or employee of the owning corporation or association shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes."

The term "used exclusively" means "principally" or "primarily" (*Matter of Vassar Bros. Hosp. v City of Poughkeepsie*, 97 AD3d 756, 758 [2012] [internal quotation marks omitted]; *see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249 [1992]). "Generally, '[t]he burden of establishing that the property is entitled to a tax exemption rests with the taxpayer' " (*Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau*, 142 AD3d 665, 666 [2016], quoting *Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn*, 24 NY3d 362, 367 [2014]).

The petitioner, Homeland Foundation, Incorporated, a not-for-profit corporation under section 501 of the Internal Revenue Code (*see* 26 USC § 501 [c] [3]), was established in 1938 by Chauncey Devereux Stillman. In 1989, Stillman died and left to the petitioner his country estate, which consisted of eight separate, contiguous parcels of land totaling approximately 1,200 acres. During three half-days per week during the summer months, the petitioner opens to the public two buildings and its gardens for formal and informal tours, and it provides public access to its trails on a seasonal basis seven months a year. The petitioner also leases farmland within the parcels to a commercial farmer. The petitioner did not submit any evidence delineating the uses of each parcel.

The petitioner applied for real property tax exemptions pursuant to RPTL 420-a for all eight parcels for the 2013 tax year, claiming it used the parcels entirely for religious, charitable, educational, and moral or mental improvement purposes. The application was denied for all eight parcels on the ground that the petitioner failed to satisfy the use requirement of the statute.

The petitioner commenced this proceeding pursuant to RPTL article 7 to review that determination. The Supreme Court denied the second amended petition and dismissed the proceed-

ing on the grounds that the petitioner failed to satisfy the statutory tax-exempt use requirements, and failed to show that its president received no more than reasonable compensation for work in furtherance of a tax-exempt purpose. The petitioner appeals.

The petitioner failed to meet its burden of establishing that it is entitled to tax-exempt status. While it is uncontested that the parcels were open to the public on a limited basis, the petitioner failed to explain how the parcels were used when they were not open to the public, and whether those uses were tax exempt. Accordingly, the petitioner did not demonstrate that the property was used principally or primarily for tax-exempt purposes (*see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d at 249).

The petitioner also failed to establish that the annual salary of $330,000 plus benefits that it paid to Elizabeth Wyckoff, its president, was no more than reasonable compensation for her services in effecting one or more tax-exempt purposes (*see* RPTL 420-a [1] [b]). The petitioner submitted no other proof, such as comparable salaries of officers at similar not-for-profit organizations (*see e.g. Baldwin Research Inst., Inc. v Board of Assessment Review of Town of Amsterdam*, 66 AD3d 1304 [2009]).

The parties' remaining contentions are without merit or need not be reached in light of the foregoing.

Accordingly, the Supreme Court properly denied the second amended petition and dismissed the proceeding. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.