Matter of Rye Country Day Sch. v Whitty (2023 NY Slip Op 00323)

Matter of Rye Country Day Sch. v Whitty

2023 NY Slip Op 00323

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-05514
 (Index No. 67412/18)

[*1]In the Matter of Rye Country Day School, appellant,
v
Noreen P. Whitty, etc., et al., respondents.

Harfenist Kraut & Perlstein LLP, Purchase, NY (Jonathan D. Kraut and Neil Torczyner of counsel), for appellant.
Marks DiPalermo PLLC, White Plains, NY (Kristen K. Wilson of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Assessment Review of the City of Rye, which denied the petitioner's application for a real property tax exemption pursuant to RPTL 420-a for the tax year 2018, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Bruce E. Tolbert, J.), dated May 11, 2020. The order and judgment, insofar as appealed from, denied that branch of the petition which was pursuant to CPLR article 78 and dismissed that portion of the proceeding.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was pursuant to CPLR article 78 is granted, the determination is annulled, and the matter is remitted to the Board of Assessment Review of the City of Rye to issue a new determination granting the petitioner's application for a real property tax exemption for the tax year 2018 and to correct the assessment roll for the tax year 2018 to reflect that the petitioner's real property located at 29-39 New Street in the City of Rye, and identified as Section 139.19, Block 3, Lot 62 on the City of Rye Tax Map, is tax exempt.
The petitioner, Rye Country Day School (hereinafter RCDS), is a registered not-for-profit college preparatory school in Westchester County. Founded in 1869, RCDS is a day school that provides education for children from pre-kindergarten through twelfth grade. For more than 25 years, RCDS has used several tax-exempt, single-family residential properties to provide housing for faculty and administrators.
On December 14, 2015, RCDS purchased a parcel of real property containing six townhouses located at 29-39 New Street in the City of Rye and identified as Section 139.19, Block 3, Lot 62 on the City of Rye Tax Map (hereinafter the property). On May 1, 2018, when all six of the townhouses were occupied by full-time RCDS faculty, RCDS applied to the respondent Noreen P. Whitty, the City assessor (hereinafter the assessor), for a tax exemption pursuant to RPTL 420-a for the tax year 2018 for the property. The assessor denied the application on the ground that RCDS did not "sufficiently establish that the Property is an integral part of the education process." On June 19, 2018, RCDS filed a complaint with the City's Board of Assessment Review (hereinafter the [*2]BAR), arguing, among other things, that the property was exempt under the law and RCDS used the property as a recruitment tool by providing a short-term housing option for desired faculty from outside of the area. The BAR agreed with the assessor and denied the application for a tax exemption.
RCDS commenced this proceeding, inter alia, pursuant to CPLR article 78 to annul the BAR's determination denying the tax exemption. As pertinent to this appeal, the Supreme Court denied that branch of the petition which was pursuant to CPLR article 78 and dismissed that portion of the proceeding. The petitioner appeals.
RPTL 420-a "establishes a mandatory tax exemption for real property of nonprofit corporations" (Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411; see Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d 665, 667). Generally, the burden of establishing that a property is entitled to a tax exemption rests with the taxpayer (see Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367; Matter of Homeland Found., Inc. v Gotovich, 148 AD3d 708, 709). "In a CPLR article 78 proceeding to review the denial of an application for a mandatory exemption pursuant to RPTL 420-a(1), the Supreme Court's dismissal of the proceeding will be affirmed when there was a rational basis for the determination that the petitioner was not entitled to [an] exemption from real estate taxes" (Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 666 [internal quotation marks omitted]).
RPTL 420-a(1)(a) provides that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." The word "exclusively" in the statute has been broadly defined as "principally" or "primarily" (Matter of Homeland Found., Inc. v Gotovich, 148 AD3d at 709 [internal quotation marks omitted]), such that "purposes and uses merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption" (Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 667 [internal quotation marks omitted]; see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249; Matter of Vassar Bros. Hosp. v City of Poughkeepsie, 97 AD3d 756, 758). Thus, the two-part test for determining entitlement to a property tax exemption under RPTL 420-a is "(1) whether the owner of the property is organized or conducted exclusively, or primarily, for an exempt purpose; and (2) whether the particular property for which the exemption is sought is itself primarily used for an exempt purpose" (Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d 815, 817, citing Mohonk Trust v Board of Assessors of Town of Gardiner, 47 NY2d 476, 483).
Here, there is no dispute that RCDS is organized and conducted primarily for an exempt purpose within the meaning of RPTL 420-a(1)(a) insofar as it is a school. The sole issue is whether the property was "primarily used for an exempt purpose" (Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d at 817). Contrary to the respondents' determination, RCDS demonstrated that the "primary use" of the faculty-occupied townhouses furthered its "primary purpose" of operating as a school (Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d at 368).
Notwithstanding the respondents' argument to the contrary, New York has long recognized that residential property used for housing an educational institution's faculty and staff is entitled to a tax exemption under RPTL 420-a or similar statute (see Matter of New York Univ. v Temporary State Hous. Rent Commn., 304 NY 124, 127-128; People ex rel. Thomas S. Clarkson Mem. Coll. of Tech. v Haggett, 300 NY 595; Matter of American Mgt. Assns. v Assessor of Town of Madison, 63 AD2d 1102, 1103, affd 47 NY2d 841; Matter of Plattsburgh Coll. Benevolent & Educ. Assn. v Board of Assessors of Town of Peru, 43 Misc 2d 741, 747 [Sup Ct, Clinton County]; Matter of Pratt Inst. v Boylan, 16 Misc 2d 58, 59-61 [Sup Ct, Kings County], affd 8 AD2d 625; [*3]People ex rel. Clarkson Mem. Coll. of Tech. v Haggett, 191 Misc 621, 627 [Sup Ct, St. Lawrence County], affd 274 App Div 732, affd 300 NY 595; see also Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d at 368, citing Matter of St. Luke's Hosp. v Boyland, 12 NY2d 135, 143-144). Here, it is undisputed that RCDS received tax exemptions for several residential properties occupied by faculty or administrators for at least 25 years, and that, by May 1, 2018, all of the townhouses on the property were occupied by full-time RCDS faculty or administrators. The respondents failed to show a meaningful distinction between the townhouses and RCDS's other tax-exempt residential properties used for housing faculty and administrators. Further, RCDS established that the townhouses were "used to attract talent that would otherwise look [elsewhere] for employment," and it "would have difficulty recruiting qualified [faculty] if it did not provide the housing, which would undermine its primary [educational] purpose" (Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d at 368-369). The respondents acknowledge that "gaining high level instructors is clearly necessary and incidental to the education of young students." Accordingly, RCDS established that its use of the property for faculty and administrator housing was "reasonably incidental to [its] primary [educational] purpose" (id. at 369; see Matter of American Mgt. Assns. v Assessor of Town of Madison, 63 AD2d at 1103; Matter of Pratt Inst. v Boylan, 16 Misc 2d at 59-61).
The respondents' remaining contentions are without merit.
Accordingly, there was no rational basis for the determination denying the application for a tax exemption pursuant to RPTL 420-a, and the Supreme Court should have granted that branch of the petition which was pursuant to CPLR article 78 (see Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 668).
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court