Matter of Province of Meribah Socy. of Mary v Danziger (2023 NY Slip Op 06742)

Matter of Province of Meribah Socy. of Mary v Danziger

2023 NY Slip Op 06742

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-06148
 (Index No. 614445/19)

[*1]In the Matter of Province of Meribah Society of Mary, respondent, 
v
Anne M. Danziger, etc., et al., appellants.

Perillo Hill, LLP, Sayville, NY (Timothy Hill of counsel), for appellants.
Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Matthew G. White of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2019/2020 tax year, Anne M. Danziger and the Town of Islip Board of Assessment Review appeal from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated July 20, 2021. The order granted the petitioner's motion for summary judgment on the petition.
ORDERED that the order is affirmed, with costs.
The petitioner, Province of Meribah Society of Mary, is a religious community of brothers and priests and a not-for-profit corporation organized pursuant to the laws of the State of New York. The petitioner enjoys tax-exempt status under section 501 of the Internal Revenue Code. In 2018, the petitioner purchased a 5.73-acre parcel of land improved with a single-family dwelling, dock, and other accessory structures. The petitioner uses the property for religious retreats for students who attend the high schools it manages.
The petitioner submitted an application for a real property tax exemption for the 2019/2020 tax year pursuant to RPTL 420-a. The application was denied by Anne M. Danziger, the Assessor of the Town of Islip, on the ground that the petitioner did not satisfy the requirements of RPTL 420-a as the property is not being used for a wholly exempt purpose. The petitioner then filed a complaint with the Board of Assessment Review of the Town of Islip regarding the real property tax assessment. The Board of Assessment Review of the Town of Islip denied the complaint.
Thereafter, the petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 against Danzinger and the Board of Assessment Review of the Town of Islip (hereinafter together the appellants) to review the real property tax assessment of the property for the 2019/2020 tax year. The petitioner moved for summary judgment on the petition. In an order dated July 20, 2021, the Supreme Court granted the petitioner's motion, determining that the petitioner was entitled to a mandatory exemption because the property is used exclusively for religious purposes. This appeal ensued.
RPTL 420-a, which "establishes a mandatory tax exemption for real property of nonprofit corporations" (Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411), provides, in pertinent part, "1. (a) Real property owned by a corporation or association organized or [*2]conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." Generally, "[t]he burden of establishing that the property is entitled to a tax exemption rests with the taxpayer" (Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367; see Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d 665, 666).
Here, the petitioner met its burden of establishing that the property is used primarily in furtherance of a religious purpose and, in opposition, the appellants failed to establish a triable issue of fact (see Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 666; Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 779, affd 16 NY3d 778). Contrary to the appellants' contention, "an RPTL article 7 or CPLR 78 article proceeding commenced to challenge the denial of a mandatory exemption is, in essence, a challenge to the taxing authority's jurisdiction over the subject property," and courts are not limited to the record adduced before the taxing authority in such proceedings (Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d at 777). Moreover, although the appellants contend that the petitioner's use of the property exceeds the certificate of occupancy and is in violation of the Town's zoning regulations, the appellants have neither cited the petitioner with any zoning violation nor obtained any injunction to prevent the current use in violation of the Town's zoning regulations (see Community Humanitarian Assn., Inc. v Town of Ramapo, 137 AD3d 736, 737-738; Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d at 780; cf. Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732).
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court