Matter of Germania of Poughkeepsie, Inc. v Town of Poughkeepsie (2025 NY Slip Op 05809)

Matter of Germania of Poughkeepsie, Inc. v Town of Poughkeepsie

2025 NY Slip Op 05809

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-07128
 (Index No. 52537/22)

[*1]In the Matter of Germania of Poughkeepsie, Inc., petitioner-respondent, 
v
Town of Poughkeepsie, etc., et al., appellants, et al., respondents.

Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Kyle W. Barnett of counsel), for appellants.
Stenger, Glass, Hagstrom, Lindars & Iuele, LLP, Wappingers Falls, NY (Karen E. Hagstrom of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Assessment Review of the Town of Poughkeepsie dated July 1, 2022, which denied the petitioner's application for a real property tax exemption pursuant to RPTL 420-a for the tax year 2022, the Town of Poughkeepsie, Assessor for the Town of Poughkeepsie, and Board of Assessment Review of the Town of Poughkeepsie appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated July 13, 2023. The order and judgment granted the petition, annulled the determination, directed the Board of Assessment Review of the Town of Poughkeepsie to grant the petitioner's application for a real property tax exemption pursuant to RPTL 420-a for the tax year 2022, and denied the motion of the Town of Poughkeepsie, Assessor for the Town of Poughkeepsie, and Board of Assessment Review of the Town of Poughkeepsie pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against them.
ORDERED that the order and judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the motion of the Town of Poughkeepsie, Assessor for the Town of Poughkeepsie, and Board of Assessment Review of the Town of Poughkeepsie pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against them is denied as academic.
The petitioner, Germania of Poughkeepsie, Inc. (hereinafter Germania), is a not-for-profit corporation that owns real property located in Poughkeepsie. Germania applied to the Town of Poughkeepsie for a real property tax exemption pursuant to RPTL 420-a for the tax year 2022. The Assessor for the Town of Poughkeepsie (hereinafter the assessor) denied the application. Thereafter, Germania filed a complaint with the Board of Assessment Review of the Town of Poughkeepsie (hereinafter the BAR) challenging the denial. The BAR agreed with the assessor and denied the application for a tax exemption.
Germania commenced this proceeding, inter alia, pursuant to CPLR article 78 to annul the BAR's determination denying the tax exemption. The Town, the assessor, and the BAR (hereinafter collectively the Town respondents) moved pursuant to CPLR 3211(a) to dismiss the [*2]petition insofar as asserted against them, arguing that the petitioner was not entitled to the exemption for which it had applied.
In an order and judgment dated July 13, 2023, the Supreme Court granted the petition, annulled the BAR's determination, directed the BAR to grant Germania's application for a real property tax exemption pursuant to RPTL 420-a for the tax year 2022, and denied the Town respondents' motion pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against them. The Town respondents appeal.
RPTL 420-a "'establishes a mandatory tax exemption for real property of nonprofit corporations'" (Matter of Rye Country Day Sch. v Whitty, 212 AD3d 819, 820, quoting Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411). "Generally, the burden of establishing that a property is entitled to a tax exemption rests with the taxpayer" (id.). "'In a CPLR article 78 proceeding to review the denial of an application for a mandatory exemption pursuant to RPTL 420-a(1),'" the petition should not be granted if "'there was a rational basis for the determination that the petitioner was not entitled to [an] exemption from real estate taxes'" (id., quoting Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d 665, 666; see Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d 815, 817).
RPTL 420-a(1)(a) provides that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section."
"The word 'exclusively' . . . has been broadly defined as 'principally' or 'primarily' . . . such that 'purposes and uses merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption'" (Matter of Rye Country Day Sch. v Whitty, 212 AD3d at 821, quoting Matter of Homeland Found., Inc. v Gotovich, 148 AD3d 708, 709, and Matter of Greentree Found. v Assessor & Bd. of Assessors of County of Nassau, 142 AD3d at 667). "Thus, the two-part test for determining entitlement to a property tax exemption under RPTL 420-a is '(1) whether the owner of the property is organized or conducted exclusively, or primarily, for an exempt purpose; and (2) whether the particular property for which the exemption is sought is itself primarily used for an exempt purpose'" (id., quoting Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d at 817).
Here, the record establishes that Germania is organized exclusively for an exempt purpose. "The general method by which an organization's purposes are discovered is a perusal of its enabling documents" (Matter of Mary Immaculate School of Eagle Park v Wilson, 73 AD2d 969, 970). Germania's restated certificate of incorporation provides that Germania is a not-for-profit corporation "dedicated to the preservation of, and the education of the public about German and German American heritage and culture. The corporation promotes cultural activities, member and invited guest activities, sponsored German culture activities, as well as educational classes. The corporation provides these services to enable the general public to learn about German and German American heritage and culture, and to explore each of the corporation's many festivals, events, and activities."
The preservation of German heritage and culture through German cultural activities is an exempt charitable purpose (see People ex rel. Doctor's Hosp., Inc. v Sexton, 267 App Div 736, 741; cf. Matter of MacDowell, 217 NY 454, 460; Matter of Pattberg, 282 App Div 770, 771). Additionally, "[w]hile evidence of section 501(c)(3) status does not create a presumption that the petitioner is entitled to a tax exemption under RPTL 420-a, such evidence can be considered . . . in determining whether the entity is organized for an exempt purpose" (Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d at 818; see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614, 627). In 2021, Germania was recognized [*3]as a tax-exempt entity pursuant to Internal Revenue Code (26 USC) § 501(c)(3).
However, Germania did not meet its burden of showing that the property for which it sought the exemption was primarily used for exempt purposes. Germania's application for the exemption showed that it used the property to offer classes relating to German language and cooking, which are exempt educational purposes (see Matter of Swedenborg Found. v Lewisohn, 40 NY2d 87, 94-95). Germania's application also showed that it used the property for exempt charitable purposes, namely, hosting German cultural events, which were open to the general public and run by unpaid volunteers, and providing a free venue to community groups (see Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367; Matter of Symphony Space v Tishelman, 60 NY2d 33, 37; Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 36 AD3d 699, 701). However, Germania's application showed that the property was more frequently used to host regular meals and social gatherings that were closed to the public. These events were open exclusively to members and their invited guests, who were the sole beneficiaries. "[T]he tax exemption must be denied if it appears that the primary beneficiaries are the individuals who founded and maintained the organization and that any purported public benefit is a mere pretext or token to shield what is essentially a private enclave from taxation" (Matter of North Manursing Wildlife Sanctuary [City of Rye], 48 NY2d 135, 141). On this record, the BAR had a rational basis to conclude that the property was not primarily used for exempt purposes.
Accordingly, since there was a rational basis for the determination denying the application for a tax exemption pursuant to RPTL 420-a, the Supreme Court should have denied the petition and dismissed the proceeding.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court