■ In the Matter of LEGION OF CHRIST, INCORPORATED, Appellant, v TOWN OF MOUNT PLEASANT et al., Respondents. [757 NYS2d 58] —In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rosato, J.), entered September 28, 2001, which, inter alia, denied its motion for partial summary judgment declaring that the subject property is tax exempt and granted that branch of the cross motion of the respondent Town of Mount Pleasant which was for summary judgment declaring that the petitioner's proposed use of the property was illegal without a special permit and, therefore, taxable.

Ordered that the order and judgment is affirmed, with costs.

The 168-acre unimproved parcel of property which is the subject of this proceeding is located in the OB-1 General Office Building District of the Town of Mount Pleasant. Pursuant to the Town Code of the Town of Mount Pleasant, principal use of the property for a church or other place of worship is permitted as of right, while use as a religious, charitable, or eleemosynary institution is a permitted special use for which a special permit is required.

The petitioner contends that it proposes to use the property as a place of worship, and therefore it is not required to obtain

a special permit and is entitled to a full tax exemption for the property. However, accepting the petitioner's definition as to what constitutes a place of worship, only certain portions of the property are to be used for outdoor worship. The principal use of the property will be for religious institution purposes, not for worship. Consequently, a special permit is required. Since the petitioner does not have such a permit, its proposed use of the property is illegal and it is not entitled to a tax exemption (see *Matter of Oxford Group-Moral Re-Armament, MRA v Sweet*, 309 NY 744 [1955]; *Matter of Colella v Board of Assessors of County of Nassau*, 266 AD2d 286 [1999], *revd on other grounds* 95 NY2d 401 [2000]; *see also McGann v Incorporated Vil. of Old Westbury*, 293 AD2d 581 [2002]).

The petitioner's remaining contention is without merit. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.