■ In the Matter of LEGION OF CHRIST, INCORPORATED, Appellant, v TOWN OF MOUNT PLEASANT et al., Respondents. [781 NYS2d 672]—

In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rosato, J.), entered

September 28, 2001, which, inter alia, denied its motion for partial summary judgment declaring that the subject property is tax exempt and granted the cross motion of the respondents Town of Mount Pleasant, the Assessor of the Town of Mount Pleasant, and Board of Assessment Review, among other things, for partial summary judgment declaring the property fully taxable. By decision and order dated March 10, 2003, this Court affirmed the order and judgment (*see Matter of Legion of Christ v Town of Mount Pleasant,* 303 AD2d 507 [2003]). On February 19, 2004, the Court of Appeals reversed the order of this Court and remitted the matter to this Court to consider the issue of whether the petitioner's proposed development of the property for tax-exempt purposes was "in good faith contemplated" (*Matter of Legion of Christ v Town of Mount Pleasant,* 1 NY3d 406, 413 [2004]). Justice Smith has been substituted for former Justice McGinity (*see* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and it is declared that the subject property is tax exempt for the tax years 1997 through 2001.

The petitioner, a nonprofit religious corporation, applied for a real property tax exemption for an unimproved parcel of property which it owns. In support of its application, it submitted, among other things, a plan prepared by a land use specialist it retained which detailed the proposed installation of the Stations of the Cross along a secluded trail, a Rosary Path, a grotto, an outdoor chapel, and other facilities. The plan included a schedule for its implementation. A resolution adopted by the petitioner's Board of Directors approved the plan, allocated the sum of $260,000 for the project, acknowledged that virtually all the labor would be supplied by trainees of a particular program, and appointed an entity to manage the project. The Assessor of the Town of Mount Pleasant and its Board of Assessment Review denied the petitioner's application.

Real Property Tax Law § 420-a provides, in relevant part: "1. (a) Real property owned by a corporation . . . organized or conducted exclusively for religious . . . purposes, and used exclusively for carrying out thereupon . . . such purposes . . . shall be exempt from taxation as provided in this section . . .

"3. Such real property from which no revenue is derived shall be exempt though not in actual use therefor by reason of the *absence of suitable buildings or improvements* thereon if (a) the construction of such buildings or improvements . . . is in good faith contemplated by such corporation."

To demonstrate that improvements are contemplated in good

faith, an applicant "must have 'concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future'" (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d 406, 411 [2004], quoting *Congregation K'hal Torath Chaim v Town of Ramapo*, 72 AD2d 804, 805 [1979]). The information submitted by the petitioner with its application established that development of its property for tax-exempt purposes was "in good faith contemplated" and, therefore, it was entitled to a real property tax-exemption for the relevant tax years (*see Matter of New Creation Fellowship of Buffalo v Board of Assessment Review*, 289 AD2d 1067, 1068 [2001]). Altman, J.P., Smith, Krausman and Cozier, JJ., concur.