Matter of Reformed Dutch Church of Schodack at Muitzeskill v Assessor of the Town of Schodack, N.Y. (2026 NY Slip Op 50036(U))

[*1]

Matter of Reformed Dutch Church of Schodack at Muitzeskill v Assessor of the Town of Schodack, N.Y.

2026 NY Slip Op 50036(U)

Decided on January 13, 2026

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 13, 2026
Supreme Court, Rensselaer County

In the Matter of the Application of Reformed Dutch Church of 
 Schodack at Muitzeskill, Petitioner,

againstAssessor of the Town of Schodack, New York and 
 the Board of Assessment Review for the said Town of Schodack, New York, Respondents.

Index No. EF2025-280381

Philip J. Vecchio, P.C.Philip J. Vecchio, Esq., of counselFor Petitioner 
The Vincelette Law FirmDaniel G. Vincelette, Esq., of counselFor Respondents

Noel Mendez, J.

In this tax assessment review proceeding commenced pursuant to Article 7 of the Real Property Tax Law ("RPTL"), Respondent Assessor of the Town of Schodack, New York ("Assessor") and Respondent Board of Assessment Review for the Town of Schodack, New York ("Board") (collectively, "Respondents") jointly move for an order granting them summary judgment under CPLR 3212 on the basis that the real property at issue in this case is taxable and thus not entitled to a tax exemption as a matter of law. Petitioner Reformed Dutch Church of Schodack at Muitzeskill ("Petitioner") opposes. For the reasons that follow, the Court denies Respondents' motion for summary judgment.FACTS AND PROCEDURAL HISTORYPetitioner, a religious corporation located at 902 Schodack Landing Road, in the Town of Schodack, New York ("Town"), has been operating as a church under various names since the early 1800s.
In January of 2025, Petitioner acquired a parcel of land near their church located at 925 Schodack Landing Road. The Town identifies this parcel in its 2025 Final Assessment Roll ("Assessment Roll") as Tax Map Parcel Number 226.-1-9. The parcel is further described in the Assessment Roll as a "Homestead Parcel" with a taxable value of $36,100. Documentation from the Town suggests that the parcel, consisting of .5 acres of land, contains a 1.7-story wooden structure of approximately 1,024 total square feet that was built sometime in the early 1870s. The Town describes the structure as being in "poor" condition.
In February of 2025, Petitioner filed with the Town an application pursuant to RPTL § 420-a to obtain tax exempt status for the parcel. The application consists of two parts. The first part of the application collects information concerning the organization seeking the exemption, including the organization's operations, activities, and finances. The second part collects information on how the subject parcel will be used.
As relevant to this motion, when describing in part one the use of assets in furtherance of its exempt functions, Petitioner noted that "[t]he newly acquired buildings are currently not able to be used." When addressing payment for services rendered or to be rendered, Petitioner stated that "[t]he church has hired restoration contractor Mark Rossman to work in the church" and that it had made payments for services rendered prior to the acquisition of the new parcel, but that "[f]uture work has not been assigned."
In the second part of the application, when describing the use or uses of the then-newly acquired parcel, Petitioner stated that the structure is a "[c]urrently unusable or livable single family home with garage/pole barn." When answering the question of whether building or other improvements were being contemplated on the unimproved land, Petitioner checked the corresponding boxes for "No." Petitioner also answered in the negative twice when addressing the question of whether the organization approved a resolution authorizing any building or other improvements. In two other sections of that same part, the application asks whether construction would begin. In one section, Petitioner left the answer portion blank, whereas in the other, Petitioner answered "N/A." Petitioner thereafter indicated that it would use the parcel for church storage, additional church parking, church and community offices, and church meeting spaces.
On May 27, 2025, the Board issued a final denial of Petitioner's application for the exemption.
Petitioner commenced this proceeding pursuant to Article 7 of the RPTL seeking judicial review of the Town's tax assessment, asking the Court for an order either cancelling and/or correcting the assessment. Respondents now move for summary judgment against Petitioner.

ANALYSIS
In support of their motion for summary judgment, Respondents argue that the subject parcel is not entitled to a tax exemption as a matter of law under Section 420-a of the RPTL because the structure located on the parcel is uninhabitable and Petitioner failed to provide on the application any evidence of "concrete and definite plans" for using the parcel for any exempt purpose. Petitioner, on the other hand, claims the statute does not create a condition precedent to obtain what they categorize as a "mandatory exemption."
To prevail on a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law by submitting sufficient evidence [*2]demonstrating the absence of any material issues of fact (see CPLR 3212 [b]; see also Nellenback v Madison County, 2025 NY Slip Op 02263, *3 [Ct App Apr. 17, 2025]; Bazdaric v Almah Partners LLC, 41 NY3d 310, 316 [2024]). Once this showing has been made, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact requiring a trial (Nellenback, 2025 NY Slip Op at *3; Bazdaric, 41 NY3d at 316). "The opposing party must provide evidence based on more than hypothetical or unsubstantiated assertions" (Nellenback, 2025 NY Slip Op at *3, citing Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). The facts must be viewed "in the light most favorable to the non-moving party" (Bazdaric, 41 NY3d at 316 [internal quotation marks omitted]).
RPTL § 420-a establishes a mandatory tax exemption for the real property of nonprofit corporations, including religious corporations. To qualify for the exemption, the party must demonstrate that the nonprofit corporation is "conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes," and that the property is "used exclusively for carrying out thereupon one or more of such purposes" (RPTL § 420-a [1] [a]; see Matter of Legion of Christ, Inc. v Town of Mount Pleasant, 1 NY3d 406, 411 [2004]). "Such real property from which no revenue is derived shall be exempt though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon if the construction of such buildings or improvements is in progress or is in good faith contemplated by such corporation or association" (RPTL § 420-a [3]; see Matter of Legion of Christ, Inc., 1 NY3d at 411). Our State's highest court has held that an improvement is "in good faith contemplated" within the meaning of the statute where the applicant seeking the exemption has "concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future" (Matter of Legion of Christ, Inc., 1 NY3d at 411 [citations and quotation marks omitted]).
Unlike proceedings that are brought pursuant to Article 78 of the CPLR, the Court may, under Article 7 of the RPTL, consider evidentiary submissions in the record that were not supplied to the municipality determining the application (compare World Buddhist Ch'an Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 951 [3d Dept 2007] with Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 776-77 [3d Dept 2010] order aff'd 16 NY3d 778, 779 [2011]).
Respondents make a prima facie showing they are entitled to summary judgment in that Petitioner's initial application for tax exempt status is devoid of any "concrete and definite plans" for utilizing the parcel for exempt purposes. Petitioner raises a material issue of fact in their affidavit in opposition to this motion indicating that work has been performed in furtherance of using the parcel for purposes warranting the exemption. Specifically, Petitioner avers to have removed 120 cubic yards of refuse from the parcel, gutted certain structures, and installed a new roof on one structure in service of making the parcel usable for a variety of matters pertaining to the church, including Christian counseling services, community outreach to troubled individuals, overflow parking for weddings and funerals to be held at the church, and storage facilities for equipment to be used for maintaining church property. Insofar as this matter was commenced under Article 7 of the RPTL, the Court considers Petitioner's affidavit as creating an issue of fact requiring further proceedings (see Matter of Eternal Flame of Hope Ministries, Inc. 76 AD3d at 776-77).
The Court rejects Respondents' claim that "concrete and definite plans" necessarily require the submission of applications to the Town or approvals from the Town. It is true that, [*3]upon remittal, the Appellate Division in Matter of Legion of Christ, Inc. v Town of Mount Pleasant (10 AD3d 609, 610 [2d Dept 2004]) highlighted certain plans that the petitioner there had undertaken that can be construed as more "formal" in nature. For example, the petitioner in that case, inter alia, hired specialists, scheduled certain building plans, and even passed a resolution (id.). However, the statute as written does not require any particularized actions to be taken by the exemption-seeking corporation. In any event, the construction is ongoing and "in progress" in accordance with RPTL § 420-a [3], which notes that a parcel shall be exempt where improvements are "in progress" or if the construction of such buildings or improvements are "in good faith contemplated" (RPTL § 420-a [3]). Given that Petitioner avers by sworn declaration that actions have been taken and are in progress, the Court denies Respondents' motion for summary judgment.
It is ORDERED and ADJUDGED, that Respondents' motion for summary judgment is DENIED.
This shall constitute the Decision and Order of the Court.
Dated: January 13, 2026Troy, New YorkHon. Noel MendezActing Justice of the Supreme CourtPapers Considered:NYSCEF Documents Nos. 1-19